In the Matter of RONALD LEONARD NORWOOD, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 12, 1981

### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.
*Saul Friedberg* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Petitioner, the Departmental Disciplinary Committee, moves to confirm the finding of a hearing panel and seeks to have respondent suspended from the practice of law.

Respondent was admitted to practice in the First Department on November 23, 1976.

In early 1978, in applying for the position of Assistant to the Deputy Mayor for Finance of the City of New York, respondent submitted a résumé which misrepresented that he had received an undergraduate degree from Yale University, when he was actually two credits short. He also

filed a questionnaire to which he gave answers under oath and in which he stated that he had filed all tax returns for the previous five years when, in fact, he had not filed State or Federal returns for 1976. He also stated that he had a dispute with the Internal Revenue Service regarding income averaging, when no dispute existed. Subsequently, when requested by the Department of Investigation on two occasions to provide copies of the returns he again assured the department that the returns had been filed, but he did not submit them.

Respondent claims that his statement on the résumé, although dishonest, should not be characterized as fraudulent and deceitful, nor as constituting professional misconduct because it was not a material factor in producing the job offer, and because the misrepresentation was corrected on the questionnaire. He also claims that since the statements regarding the tax returns were made after he had commenced employment, only his continuance at work, and not its commencement, was conditioned on the questionnaire.

Respondent makes distinctions without a significant difference in determining whether he has committed misconduct. He clearly is guilty of professional misconduct. Because of mitigating circumstances, however, we believe censure, rather than suspension, to be the appropriate sanction.

The misrepresentation on the résumé was corrected on the questionnaire. Although respondent matriculated at Yale he did not receive a degree because of his failure to complete his senior thesis by graduation time. He was unable to complete his thesis in the summer before he commenced law school, was subsequently drafted and, after discharge, returned to law school. He did advise the dean of his law school that he lacked a degree but was advised that he still would be permitted to matriculate. Respondent's failure to file a tax return and the fraudulent statements which resulted therefrom all stem from a most unfortunate family situation. Moreover, respondent did prepare the returns but was unable to pay the liability, presumably in part because of his personal problems.

Respondent has a fine academic record, and a satisfactory work record with the city and his previous employer until his problems developed. He spent two years in military service before completing law school, and was honorably discharged. His background displays a willingness to work, and strong family support. His parents lent him money to pay his tax liabilities, and, we assume, as he states, that he is currently paying the interest and penalties imposed by the Internal Revenue Service. His tuition at Yale was financed by work-study and summer earnings, money from his parents, loans of $4,000 and, the balance, by scholarships.

Respondent has already suffered greatly, including losing his job. He is not now practicing law. His conduct, although certainly not excusable, has its roots in more than mere self-aggrandizement. In light of his background and the hardships already incurred we find that censure is a fitting penalty.

Respondent should be censured.

KUPFERMAN, J. P., BIRNS, SULLIVAN, MARKEWICH and SILVERMAN, JJ., concur.

Respondent censured.