[650 NYS2d 679]

In the Matter of ROBERT S. WOLMER (Admitted as ROBERT STEW-
ART WOLMER), an Attorney, Respondent. DEPARTMENTAL
DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPART-
MENT, Petitioner.

First Department, December 5, 1996

### APPEARANCES OF COUNSEL

*Richard Supple* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Robert S. Wolmer,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent, Robert S. Wolmer, was admitted to the practice of law in the State of New York by the Third Judicial Department on May 22, 1990, as Robert Stewart Wolmer. At all times pertinent to these proceedings, he has maintained an office for the practice of law within the First Judicial Department.

In January 1994, respondent started working as an associate for the law firm Stroock & Stroock & Lavan, and in February of 1995, seeking new employment, he submitted a misleading résumé to the accounting firm of Coopers & Lybrand. This

résumé exaggerated the amount of time he worked at prior legal and investment banking positions, including his tenure at Stroock, and omitted other positions, in an effort to present a more stable employment history. The respondent also falsified his dates of employment on a letter of reference. He was immediately terminated upon discovery of the misconduct. The respondent admitted that he had given an inaccurate résumé to a potential employer on three prior occasions.

The Committee moves for an order pursuant to 22 NYCRR 603.4 (d), confirming the Hearing Panel's factual findings, legal conclusions and recommended sanction of a six-month suspension. The respondent cross-moves to disaffirm the Hearing Panel's report, arguing that public censure is an appropriate sanction for the misconduct at issue in this case.

We grant, in part, and deny, in part, the Committee's motion to confirm the Hearing Panel's report, and grant the respondent's cross motion to the extent of directing that the respondent should be publicly censured. The respondent's misconduct was serious. It included fabricating a resume and forging a letter of recommendation, and the respondent admits that this is not the first time he has submitted a fraudulent transcript to a potential employer.

However, the respondent cooperated with staff counsel during the investigation, he testified candidly at the hearing, and his misconduct did not involve injury to a client. There is also evidence that the respondent has already suffered as a result of his misconduct by the loss of his job and the substantial damage to his legal career.

In consideration of both the nature of the offenses and the mitigating factors presented, we find that a public censure is an appropriate sanction (*see, Matter of Harper*, 223 AD2d 200; *Matter of Steinberg*, 206 AD2d 232; *Matter of Norwood*, 80 AD2d 278; *see also, In re Hadzi-Antich*, 497 A2d 1062 [DC Ct App 1985]).

Accordingly, the Committee's motion to confirm the Hearing Panel's report as to its conclusions of fact is granted, but it is disaffirmed as to the recommended sanction of suspension from the practice of law for six months. The respondent's cross motion to disaffirm the Hearing Panel's report and impose a less severe sanction is granted to the extent of directing that the respondent should be publicly censured for his misconduct.

ROSENBERGER, J. P., WALLACH, TOM, MAZZARELLI and ANDRIAS, JJ., concur.

Application, insofar as it seeks to confirm the Hearing Panel's report and recommendation, is granted only as to the conclusions of fact, but insofar as it seeks the imposition of a six-month suspension from the practice of law, the motion is denied, and respondent is publicly censured.