[762 NYS2d 78]

In the Matter of CHARLES H. McAULIFFE (Admitted as CHARLES HENRY McAULIFFE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 24, 2003

**APPEARANCES OF COUNSEL**

*Raymond Vallejo* of counsel *(Thomas J. Cahill,* attorney), for petitioner.

*Kenneth L. Flicker* of counsel (*Flicker, Garelick & Associates,* attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Charles H. McAuliffe was admitted to the practice of law in the State of New York by the First Judicial

Department on October 28, 1970, under the name Charles Henry McAuliffe. Respondent is also admitted in New Jersey, where he has maintained an office for the practice of law at all times relevant to this matter.

On July 21, 2000, respondent pleaded guilty to a one count accusation filed in the Superior Court of New Jersey, Hunterdon County, that charged him with third degree conspiracy to possess a controlled dangerous substance in violation of New Jersey Statutes Annotated §§ 2C:5-2 and 2C:35-10 (a) (1). That accusation alleged that between August and November 1997, he arranged with a pharmacist to receive Tylenol with codeine in amounts in excess of the amounts authorized on the prescriptions. On September 22, 2000, respondent was sentenced to probation for a period of one year and ordered to pay various assessments.

As a result of his criminal conviction, a disciplinary proceeding was commenced in New Jersey in February 2001 by the New Jersey Office of Attorney Ethics. In a decision dated October 16, 2001, the New Jersey Disciplinary Review Board determined that respondent be issued a public reprimand, having found that respondent obtained Tylenol with codeine in unauthorized amounts. Although respondent had legitimate prescriptions for the medication, he arranged with a pharmacist he knew to obtain additional pills "as a matter of convenience" so that he did not have to visit his doctors or the pharmacy as often as he otherwise would. Having considered that respondent had legitimate prescriptions for medication that he needed in order to perform his daily activities, and that the pills were for his own personal use due to his chronic health problems, the Review Board determined that a reprimand sufficiently addressed the nature of respondent's offense and the goal of the disciplinary system—to protect the public. By an order entered on or about April 1, 2002, the Supreme Court of New Jersey reprimanded respondent for engaging in a criminal act reflecting adversely on respondent's trustworthiness or fitness as a lawyer.

The Departmental Disciplinary Committee seeks an order directing respondent, pursuant to Judiciary Law § 90 (4) (g), to show cause, before a Hearing Panel designated by the Court, why a final order of censure, suspension or disbarment should not be made. In opposition, respondent's counsel argues that respondent has already served his debt to society and to the legal profession. Counsel notes various mitigating factors, including that respondent has never before nor since been

involved in illegal conduct; that respondent's misconduct did not involve recreational abuse of illicit drugs or the sale of such substances for personal gain; and that respondent's misconduct has not had any impact on his clients. Counsel indicates that respondent does not oppose the imposition of public censure, a sanction akin to the public reprimand issued by New Jersey. Counsel has attached his brief before the New Jersey Review Board, which details the factual circumstances surrounding this matter and respondent's need for the medication involved in his misconduct.

We conclude that the present record is sufficient for the determination of the sanction to be imposed on respondent, and that there is no need for further hearing on this matter. We further conclude, in view of the nature of the offense, the mitigating factors presented, and the sanction imposed by the jurisdiction where the misconduct occurred and where most of respondent's practice is conducted, that public censure is the appropriate sanction in this case (*see Matter of Wolmer*, 226 AD2d 77 [1996]).

Accordingly, the Committee's motion should be granted to the extent of directing that respondent be publicly censured for his misconduct, and otherwise denied.

BUCKLEY, P.J., TOM, ELLERIN, LERNER and FRIEDMAN, JJ., concur.

Petition granted to the extent of directing that respondent be publicly censured.