[789 NYS2d 477]

In the Matter of MAX MARCUS KATZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 10, 2005

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Andral L. Bratton* of counsel), for petitioner.

*Hal R. Lieberman* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Max Marcus Katz was admitted to the practice of law in the State of New York by the Second Judicial Department on October 20, 1971 and, at all times relevant to this proceeding, maintained an office for the practice of law within the First Judicial Department.

This Court, in an order entered September 24, 2003, granted the Departmental Disciplinary Committee's petition, pursuant to 22 NYCRR 603.4 (d), Judiciary Law § 90 (2), and the doctrine of collateral estoppel, and found respondent had committed professional misconduct based upon adverse findings rendered in *Matter of Fidelity Brokerage Servs. (LaVallie—Merrill Lynch, Pierce, Fenner & Smith)* (Sup Ct, NY County, Apr. 3, 2001, Louise Gruner Gans, J., Index No. 117923/99, *affd* 294 AD2d 244 [2002]), and referred the matter to a referee in order to determine the appropriate sanction. The Committee now moves, pursuant to 22 NYCRR 605.15 (e), to confirm the report and recommendation of the Hearing Panel, which confirmed the report and recommendation of the Referee, and to impose the recommended sanction of public censure. Respondent submits an affirmation from counsel in support of the Committee's motion.

Respondent had represented Michael LaVallie in an arbitration against Fidelity Brokerage Services, Inc. concerning the inadvertent delivery by Fidelity of more stock to LaVallie's ac-

count at Merrill Lynch, Pierce, Fenner & Smith, Inc. than LaVallie was entitled to receive, and the arbitration sought recovery of the stock. The parties entered into a consent order on October 27, 1999, pursuant to which LaVallie was ordered to issue written instructions to Merrill Lynch authorizing Merrill Lynch to provide statements concerning the stock to Fidelity. Fidelity, after failing to receive such statements, moved to hold LaVallie in contempt on December 22, 1999, and on December 24, 1999, respondent forwarded to Fidelity a letter of instruction, dated November 15, from LaVallie to Merrill Lynch, with an accompanying letter stating that the "letter was signed by Michael LaVallie on November 15, 1999, and it was our understanding that it was forwarded to the proper sources."

Respondent, in an affirmation submitted in opposition to the contempt motion, averred that "[i]n or about November 15, 1999, Respondent LaVallie executed [the letter of instructions to Merrill] and caused same to be forwarded to this office and a branch maintained by Merrill Lynch . . . ." In a subsequent affirmation, respondent stated unequivocally that "[t]he statements made by my client and by me in our previous oppositions were and are entirely true." Supreme Court referred the contempt motion to a special referee, who credited respondent's testimony that his office drafted and forwarded the letter to LaVallie on November 15 for his signature and transmittal to Merrill Lynch. The Special Referee concluded, however, that LaVallie never sent the letter, but that it was eventually forwarded to Merrill Lynch by respondent on December 24, 1999.

Supreme Court thereafter found LaVallie in contempt and directed him to pay attorneys' fees and costs totaling $38,987. Supreme Court further found that respondent had "perpetuated" LaVallie's lie by his letter of December 24 and his sworn statements to the court, and had also engaged in frivolous conduct by filing a cross motion seeking confirmation of a narrower version of the Referee's report. As a result, Supreme Court sanctioned respondent $5,000, to be paid to the Lawyers' Fund for Client Protection, and we affirmed.

This Court, based upon the foregoing, granted a subsequent petition by the Committee by order entered September 24, 2003, and found that respondent had committed professional misconduct, and directed the matter be sent to a referee to determine the appropriate sanction. The Referee, after conducting a hearing on December 16, 2003, issued a report dated May 10, 2004,

in which he found, inter alia, that respondent was the "picture of remorse" and took responsibility for stating that LaVallie had sent the letter to Merrill Lynch on November 15, 1999. The Referee noted that respondent had presented credible character and reputation testimony, and agreed with the Committee that public censure was the appropriate sanction. A Hearing Panel heard oral argument on June 30, 2004, and thereafter issued a report dated August 24, 2004, in which they concurred with the Referee's recommendation of public censure.

In view of the foregoing circumstances, including the nature of respondent's misconduct, his remorse and acknowledgment of responsibility, and his character testimony, we agree that public censure is an appropriate sanction (*see Matter of Hawthorne*, 309 AD2d 285 [2003]; *Matter of Dorfman*, 304 AD2d 273 [2003]).

Accordingly, the Committee's motion for an order confirming the report and recommendation of the Hearing Panel should be granted and respondent should be publicly censured.

Tom, J.P., Marlow, Nardelli, Gonzalez and Catterson, JJ., concur.

Respondent publicly censured.