[801 NYS2d 5]

In the Matter of RICHARD B. BECKER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 1, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Joseph J. Hester* of counsel), for petitioner.

*Richard B. Becker*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Richard B. Becker was admitted to the practice of law in the State of New York by the First Judicial Department on February 1, 1993. He has not practiced law in New York since 2001. Respondent was also admitted to the practice of law in New Jersey and has been retired from the practice of law in that state since 2003.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.3, publicly censuring respondent, on the predicate of similar discipline imposed in a foreign jurisdiction, namely, an order of reprimand issued by the Supreme Court of New Jersey, or, in the alternative, sanctioning him as this Court deems appropriate. The order of reprimand, entered September 9, 2004 (*In re Becker*, 181 NJ 297, 856 A2d 27 [2004]), is based on respondent's violation of New Jersey Rules of Professional Conduct (RPC) 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation) by filing or allowing to be filed false statements to the Hoboken (New Jersey) rent control office.

Respondent admitted the following facts in a stipulation between himself and the director of the New Jersey Office of Attorney Ethics (OAE). In late 1995, respondent and his partner, another attorney, formed a limited liability corporation for the purpose of purchasing and managing a residential apartment building in Hoboken. Although respondent had no specific knowledge of rent control rules at the time, he was aware that such rules existed and that they governed the legal amount of rent the corporation could charge its tenants.

In late 1996, the corporation spent more than $15,000 renovating one of the apartments in the building. Respondent and his partner believed they were entitled to a substantial rent increase for these improvements, but, to avoid the Hoboken rent control office's normal procedures, which would have required voluminous documentation, a great deal of time and at least one appearance in Hoboken, they "knowingly determined to seek the rent increase through an inaccurate rent control submission." Accordingly, on December 27, 1996, they filed with the rent control office an amended annual registration statement falsely naming a tenant and listing a base rent higher than the amount permitted under the rent control rules.

The day after filing this false statement, respondent, on behalf of the corporation, rented the apartment to Trish Doneman, who ultimately filed a grievance with the OAE, for $1,043 a month, knowing that the rent exceeded the legal rent permitted

by the rent control office. On February 10, 1998, the corporation sent Doneman a notice to quit for late payment of rent and demanded possession of the apartment by March 15, 1998. Doneman vacated the apartment on March 2, 1998. At the end of March, the corporation sent her a "Security Deposit Accounting" in which it advised that she still owed $1,766.05 after the liquidation of both her security deposit and the interest earned thereon. Included in the $1,766.05 were, inter alia, a rent assessment for the entire month of March. On or about March 19, the corporation was informed that Doneman had requested that the rent control office calculate the legal rent on the apartment. On April 28, 1998, the rent control office determined that Doneman's lawful rent should have been $683 per month and that during the course of her tenancy she overpaid the corporation $5,012.

According to the stipulation of fact, respondent, who has no previous disciplinary record, cooperated fully with the investigation of the OAE, and before the filing of Doneman's grievance, he and his partner made restitution to Doneman, refunding her the full amount of the rental overcharge, plus damages and legal fees. Respondent admits that by filing or allowing to be filed false statements to the rent control office he committed unethical conduct in violation of RPC 8.4 (c), for which he should be publicly reprimanded.

Upon a de novo review of the record, the Disciplinary Review Board of the Supreme Court of New Jersey (DRB) found that these stipulated facts sufficiently established that respondent's conduct was unethical. The DRB stated:

> "Respondent[ ] engaged in an ongoing pattern of deceit to collect a rental payment higher than that to which [he was] legally entitled. Despite [his] belief, correct or not, that [he was] entitled to the higher payment, [he] did not go about obtaining that payment through proper channels, apparently because the required process was cumbersome and time-consuming. In addition, respondent[ ] acted for [his] own self-interest, and not for the interest of a client. . . . [R]espondent[ ] determined that the rules did not apply to [him] because they were problematic. The specter of an attorney's acting in that fashion harms the public's perception of the legal profession."

Upon consideration of the mitigating facts that respondent believed that the rent increase would have been permitted had

he followed the appropriate procedure; that the corporation refunded to Trish Doneman the overcharge, and paid her damages and legal fees; that respondent has an unblemished record and withdrew from the practice of law while this matter was pending; that much time has passed since the misconduct occurred; that respondent cooperated with the OAE; that he is unlikely to repeat the misconduct; and that the misconduct did not involve the practice of law, the DRB concluded that a reprimand was sufficient discipline for respondent's infractions. The Supreme Court of New Jersey subsequently issued an order reprimanding respondent.

Respondent does not raise any of the defenses available to an attorney in a proceeding based on discipline imposed in a foreign jurisdiction (*see* 22 NYCRR 603.3 [c]), and indeed none of the defenses are applicable in this proceeding. Thus, we find it appropriate to impose discipline because of the conduct respondent engaged in that gave rise to the imposition of discipline in New Jersey (22 NYCRR 603.3 [a]).

In New York, the equivalent of a reprimand in New Jersey is public censure (*see Matter of Maiorino*, 301 AD2d 53, 56 [2002]). In view of the nature of respondent's misconduct, involving dishonesty, fraud, deceit or misrepresentation and violating equally Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3) and RPC 8.4 (c), and the mitigating factors presented, including the facts that respondent has no history of discipline, that he cooperated fully with the disciplinary authorities and admitted the misconduct, and that the misconduct was not committed in the practice of law, we find that public censure is the appropriate sanction (*see e.g. Matter of Wolmer*, 226 AD2d 77 [1996]).

Accordingly, respondent should be publicly censured in accordance with the discipline ordered by the Supreme Court of New Jersey.

BUCKLEY, P.J., MARLOW, ELLERIN, GONZALEZ and SWEENY, JJ., concur.

Respondent publicly censured.