[826 NYS2d 239]

In the Matter of MICHAEL M. MILCHMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 14, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jorge Dopico* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on August 22, 1983. At all times relevant to this petition, respondent has maintained an office for the practice of law in Fort Lauderdale, Florida.

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.3, censuring respondent predicated upon similar discipline imposed by an order of the Supreme Court of Florida, dated September 1, 2005 (912 So 2d 319 [Fla 2005]), which approved an uncontested Referee's report and consent judgment, reprimanded respondent and placed him on probation for three years, or, in the alternative, sanctioning respondent as this Court deems appropriate.

On November 16, 2005, the Committee initiated this proceeding after notification from the Florida authorities. Respondent did not notify the Committee of his discipline in Florida as required by 22 NYCRR 603.3 (d) and, although duly served with this motion, respondent has not appeared or submitted a response to the petition.

After receiving sworn complaints against respondent alleging improprieties with his trust and operating accounts, the Florida bar conducted a compliance audit and determined that there were shortages. Thereafter, the bar filed a complaint claiming respondent misappropriated client funds, improperly used and maintained his attorney trust account, and made material misrepresentations to a client or the bar. Respondent answered the complaint asserting affirmative defenses including that if there were any shortcomings in his trust account it was due to "sloppy bookkeeping," that he had made full restitution to the affected clients, and that he had not made material misrepresentations to a client or the bar.

On March 20, 2005, the Florida bar and respondent, who was represented by counsel, agreed to a joint notice of settlement and consent judgment. In the settlement, respondent agreed to plead "guilty" to violating several disciplinary rules and accepted the bar's recommendation of a public reprimand, probation and costs. Respondent essentially admitted that his trust account records showed shortages but with his cooperation with the bar's auditor, it revealed that "the actual shortages in

respondent's trust account were diminimus [*sic*] and caused not by misappropriation, but by respondent's failure to employ required trust accounting procedures." Respondent denied having misled his client or the bar "regarding the methodology of his structured payments to the client" and, the consent judgment noted that the client had, in writing, withdrawn the charge that respondent had misled him.

On June 15, 2005, a Referee accepted respondent's guilty plea to the charges as set forth in the consent judgment, he noted respondent's remorse, and recommended, inter alia, that respondent receive a public reprimand and be placed on probation for three years, and pay certain costs. The uncontested Referee's report and consent judgment were approved by the Supreme Court of Florida in its order, dated September 1, 2005, which reprimanded respondent and placed him on probation for three years.

In seeking to discipline respondent pursuant to 22 NYCRR 603.3, based upon the order of the Supreme Court of Florida, the Committee persuasively asserts that respondent cannot raise the defense that he was denied due process in the Florida disciplinary proceeding since he was given sufficient notice and opportunity to be heard. Indeed, respondent, represented by counsel, voluntarily entered into a settlement with bar counsel where, for the most part, he admitted the charges filed against him. Moreover, the Committee correctly contends that respondent has no defense under 22 NYCRR 603.3 (c) (2) (infirmity of proof) since the Florida Supreme Court's findings of professional misconduct were fully supported by the record and included respondent's admissions of misconduct (except for the charges of intentional misappropriation of client funds and making material misrepresentations to a client or the bar). Furthermore, respondent has no defense under 22 NYCRR 603.3 (c) (3) because the misconduct for which he was disciplined in Florida involving escrow violations would also constitute misconduct in New York. In this regard, respondent admitted to violating the rules regulating escrow accounts, commingling, unintentional misappropriation of escrow funds and failing to keep proper escrow records.

With regard to the issue of sanctions, it is generally accepted that the state where an attorney subject to discipline lived and practiced law at the time of the offense has the greatest interest in the matter and in the public policy considerations relevant to the disciplinary action (*Matter of Dranov*, 14 AD3d 156 [2004];

*Matter of Anschell*, 11 AD3d 56 [2004]). In this matter, Florida determined that the appropriate sanction for respondent's conduct was a public reprimand, probation for three years and costs.

New York, unlike Florida, has public censure as a sanction but not probation and costs, and we deem that to be the appropriate sanction. We see no reason to depart from our established practice of imposing similar discipline where respondent admitted the misconduct and consented to a public censure in Florida, which is the sanction that most likely would be imposed by this Court if the misconduct had occurred here (*see e.g. Matter of Dalley*, 16 AD3d 90 [2005]; *Matter of Land*, 299 AD2d 83 [2002]; *Matter of Mitchell*, 222 AD2d 170 [1996]; *but see Matter of Fong*, 308 AD2d 19 [2003]).

Accordingly, the petition should be granted and respondent publicly censured.

ANDRIAS, J.P., SAXE, FRIEDMAN, GONZALEZ and CATTERSON, JJ., concur.

Respondent publicly censured.