[855 NYS2d 512]

In the Matter of JOEL JAY ROGGE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 17, 2008

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Joseph J. Hester* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Joel Jay Rogge was admitted to the practice of law in the State of New York by the First Judicial Department on June 23, 1959, and was admitted to the practice of law in the Commonwealth of Massachusetts in 1968. At all times relevant to this proceeding, respondent lived and practiced law in Massachusetts.

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.3, censuring respondent predicated upon similar discipline issued by the Commonwealth of Massachusetts Board of Bar Overseers of the Supreme Judicial Court or, in the alternative, sanctioning respondent as this Court deems just and proper.

Respondent was served with a petition for discipline in August 2007, which set forth charges of professional misconduct concerning one client matter. Respondent was alleged to have settled a matter without his client's consent, failed to inform his client that he had accepted the settlement and was holding settlement monies, and neglected to promptly inform the other party that his client had rejected the settlement.

Respondent subsequently entered into a stipulation in which he waived a disciplinary hearing and admitted to the disciplinary rule violations delineated in the petition, including that by settling a matter without his client's consent he violated Code of Professional Responsibility DR 6-101 (a) (2) (a lawyer shall not handle a legal matter without adequate preparation) and DR 7-101 (a) (1) (a lawyer shall not intentionally fail to seek the lawful objectives of the client) and (2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client) (22 NYCRR 1200.30, 1200.32). Respondent further acknowledged that by failing to inform the managing partner of his client in December 1997 that he had accepted the offer of settlement and that he was holding $1,500 received on behalf of the partnership, respondent violated DR 1-102 (a) (4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation) and (7) (a lawyer shall not engage in conduct that adversely reflects on his fitness to practice law), DR 6-102 (a) (a lawyer shall not attempt to exonerate himself from or limit his liability to his client for his personal malpractice), and DR 9-102 (c) (1) (a lawyer shall

promptly notify a client of the receipt of his funds) (22 NYCRR 1200.3, 1200.31, 1200.46). Further, by failing to promptly inform the other party that his client had rejected the settlement and refusing to provide a mortgage discharge, respondent admitted he violated DR 1-102 (a) (4) and (7).

The stipulation was submitted to the Board of Bar Overseers, which voted to accept it in full, and on September 28, 2007, the Board of Bar Overseers issued an order publicly reprimanding respondent for his professional misconduct.

In the present proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defenses except: (1) lack of notice constituting a deprivation of due process; (2) an infirmity of the proof presented to the foreign jurisdiction; and (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (22 NYCRR 603.3 [c]; *Matter of Hoffman*, 34 AD3d 1, 2-3 [2006]; *Matter of Power*, 3 AD3d 21, 23 [2003]).

Respondent was properly served with notice of this proceeding, yet has submitted no response to the Committee. Moreover, a review of the record establishes that respondent was afforded due process and there was sufficient evidence to establish his misconduct. Indeed, respondent, represented by counsel, stipulated to his misconduct, the disciplinary rules he violated and the sanction of public reprimand, and the rule violations under which respondent was disciplined in Massachusetts are covered by the identical, or essentially identical, provisions of the New York Code of Professional Responsibility. Accordingly, the imposition of reciprocal discipline is appropriate.

Finally, with regard to the issue of sanctions, it is generally accepted that the state where an attorney subject to discipline lived and practiced law at the time of the offense has the greatest interest in the matter and in the public policy considerations relevant to the disciplinary action (*Matter of Milchman*, 37 AD3d 77, 79 [2006]; *Matter of Dranov*, 14 AD3d 156, 163 [2004]), and great weight should be accorded to the sanction administered by the state where the charges were originally brought (*Matter of Gentile*, 46 AD3d 53, 55 [2007]; *Matter of Harris*, 37 AD3d 90, 93 [2006]).

In this matter, Massachusetts imposed a public reprimand upon respondent, which is the equivalent of public censure in this state (*Matter of Power*, 3 AD3d at 24; *Matter of Maiorino*, 301 AD2d 53, 56 [2002]) and no reason is offered to depart from

the sanction imposed by Massachusetts, which is in accord with this Court's precedent (*see Matter of Katz*, 15 AD3d 1 [2005]).

Accordingly, the Committee's petition for an order imposing reciprocal discipline should be granted and respondent should be publicly censured.

TOM, J.P., FRIEDMAN, NARDELLI, CATTERSON and MOSKOWITZ, JJ., concur.

Respondent publicly censured.