[866 NYS2d 675]

In the Matter of KENNETH A. ROSEN (Admitted as KENNETH ALAN ROSEN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 13, 2008

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Angela Christmas* of counsel), for petitioner.

*Michael A. Gentile* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Kenneth A. Rosen, was admitted to the practice of law in the State of New York by the First Judicial Depart-

ment on April 28, 1980. He was also admitted as an attorney and counselor-at-law in the State of New Jersey, where, at all times relevant to this proceeding, he has practiced law.

The Departmental Disciplinary Committee seeks an order, pursuant to Judiciary Law § 90 (2) and 22 NYCRR 603.3, censuring respondent predicated upon similar discipline imposed by the Supreme Court of New Jersey. Respondent concurs with the Committee's application.

By order entered July 16, 2007 (192 NJ 81, 927 A2d 96 [2007]), the New Jersey Supreme Court publicly reprimanded respondent for violating rule 1.15 (b) of the New Jersey Rules of Professional Conduct (RPC). Respondent had stipulated that he failed to give prompt notification and delivery of funds to a third party by not turning over to his former law firm a check made payable to that firm and instead delivering the check to the firm's bank to be applied against the firm's loan. Although such conduct in New Jersey would ordinarily result in the lesser sanction of an admonition, a public reprimand was deemed more appropriate because respondent's actions had contravened a court order, obtained by a former partner, prohibiting payments to the firm's creditors without notice to that partner.

Respondent concedes that none of the defenses enumerated in 22 NYCRR 603.3 (c) are available to him in this reciprocal disciplinary proceeding, and RPC 1.15 (b) is analogous to Code of Professional Responsibility DR 9-102 (c) (22 NYCRR 1200.46; *Matter of Gold*, 240 AD2d 74 [1998]). With regard to the issue of sanctions, the state where respondent lived and practiced law at the time of the offense has the greatest interest (*see Matter of Rogge*, 51 AD3d 367 [2008]; *Matter of Reiss*, 119 AD2d 1, 6 [1986]). A New Jersey reprimand is the equivalent of a public censure in New York (*see Matter of Becker*, 22 AD3d 29, 32 [2005]), and is in accord with this Court's precedent under similar circumstances (*see Matter of Ioannou,* 47 AD3d 65 [2007]; *Matter of Rubin*, 148 AD2d 269 [1989]).

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.3 should be granted, and respondent censured.

Tom, J.P., Friedman, Buckley, Acosta and Freedman, JJ., concur.

Respondent publicly censured.