[886 NYS2d 689]

In the Matter of Christopher L. Musmanno, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, October 8, 2009

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Scott D. Smith* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Christopher L. Musmanno was admitted to the practice of law in the State of New York by the First Judicial Department on August 4, 1997. He was also admitted to the practice of law in New Jersey in 1988. At all times relevant to these proceedings, respondent lived and maintained an office for the practice of law within the State of New Jersey.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.3, censuring respondent predicated upon similar discipline imposed by the Supreme Court of the State of New Jersey (*see In re Musmanno*, 197 NJ 19, 960 A2d 1290 [2008]). In the alternative, the Committee seeks an order sanctioning respondent as we deem just and proper.

The undisputed facts reveal that on June 24, 2008, respondent and New Jersey bar counsel executed a stipulation of discipline by consent, which collectively referred to charges of professional misconduct. Specifically, the stipulation stated that on January 5, 2007, respondent was stopped by a police officer in New Brunswick, New Jersey for making an improper left turn. In an attempt to avoid receiving a traffic summons, respondent falsely stated to the officer that he was employed by the Union County Prosecutor's Office and showed him an identification card issued by the Union County Sheriff's Office. Respondent subsequently admitted to the officer that his prior statement regarding his employment was not true. Therefore, in addition to the traffic violation, respondent was subsequently charged with impersonating a law enforcement officer and obstruction of the administration of law. These charges were subsequently reduced to a disorderly persons offense, to which respondent pleaded guilty.

The stipulation further stated that, in a letter dated July 13, 2007, respondent misrepresented to the Office of Attorney Ethics that the charges against him were dismissed by the municipal prosecutor, and that the matter arose from a "miscommunication" between respondent and the arresting officer. As reflected in the stipulation, "[R]espondent has since admitted to the Office of Attorney Ethics that he lied to Officer Knight to get to his Court appearance and avoid getting a ticket, and that he was not candid with the Office of Attorney Ethics in the hope that the ethics matter would be dropped." Respondent

admitted that his misconduct violated New Jersey Rules of Professional Conduct rule 8.1 (a) (false statement of material fact to a disciplinary authority) and rule 8.4 (b) (commission of a criminal act that adversely reflects on the lawyer's honesty, trustworthiness and fitness as a lawyer).

By entering into the stipulation, respondent admitted to the misconduct and disciplinary rule violations set forth in the stipulation, and waived a disciplinary hearing as well. In addition, respondent agreed that the matter should be resolved with a "censure, or whatever lesser discipline the Disciplinary Review Board may determine to impose." On June 24, 2008, respondent also executed an affidavit of discipline by consent.

The New Jersey Disciplinary Review Board reviewed the aforesaid documents, determined that censure was the appropriate discipline, and submitted the matter to the Supreme Court for the entry of an order of discipline.

On December 3, 2008, the Supreme Court of New Jersey issued an order censuring respondent for making a false statement of a material fact to a disciplinary authority and for the commission of a criminal act that adversely reflects on the lawyer's honesty, trustworthiness and fitness as a lawyer. It is this order which provides the basis for the Committee's reciprocal discipline petition.

Respondent, pro se, has been properly served with the Committee's petition and has not answered.

In seeking an order pursuant to 22 NYCRR 603.3, the Committee correctly argues that respondent is precluded from raising any defenses except: (1) there was a lack of notice or opportunity to be heard constituting a deprivation of due process; (2) there was an infirmity of proof presented to the foreign jurisdiction; or (3) the conduct for which the attorney was disciplined does not constitute misconduct in this jurisdiction (*see* 22 NYCRR 603.3 [c]; *Matter of Rogge*, 51 AD3d 367 [2008]; *Matter of Glatman*, 47 AD3d 230 [2007]; *Matter of Hoffman*, 34 AD3d 1 [2006]).

A review of the petition and its supporting exhibits establishes that respondent was afforded due process, stipulated to his misconduct, the disciplinary rules he violated, and the agreed upon recommendation of public censure.

Moreover, New Jersey Rules of Professional Conduct rule 8.1 (a) (false statement of material fact to a disciplinary authority) would constitute a violation of Code of Professional Responsibil-

ity DR 1-102 (a) (4) (22 NYCRR 1200.3) (conduct involving dishonesty, fraud, deceit or misrepresentation) in New York. New Jersey Rules of Professional Conduct rule 8.4 (b) (commission of a criminal act that adversely reflects on the lawyer's honesty, trustworthiness and fitness as a lawyer) is analogous to New York's DR 1-102 (a) (3) (illegal conduct that adversely reflects on a lawyer's honesty, trustworthiness and fitness as a lawyer) and is squarely in accord with our precedents (*see Matter of Jacoby*, 42 AD3d 196, 197 [2007]; *Matter of Maiorino*, 301 AD2d 53, 55 [2002]).

As to the issue of an appropriate sanction, it is generally accepted that the state where an attorney lived and practiced law at the time of the offense has the greatest interest in the matter and in the public policy considerations relevant to the disciplinary action (*Matter of Rogge* at 369; *Matter of Jacoby* at 197; *Matter of Milchman*, 37 AD3d 77, 79 [2006]; *Matter of Dranov*, 14 AD3d 156, 163 [2004]). We have consistently held that "great weight should be accorded to the sanction administered by the state where the charges were originally brought" (*Matter of Rogge* at 369, citing *Matter of Gentile*, 46 AD3d 53, 55 [2007]; *Matter of Harris*, 37 AD3d 90, 93 [2006]).

Although respondent failed to notify us of his discipline in New Jersey as required by 22 NYCRR 603.3 (d), the Committee does not urge a greater sanction based upon this failure. Moreover, the sanction imposed by the New Jersey Supreme Court is in accord with our precedents (*Matter of Rogge* at 369-370; *Matter of Katz*, 15 AD3d 1 [2005]).

Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent censured.

GONZALEZ, P.J., TOM, FRIEDMAN, SWEENY and BUCKLEY, JJ., concur.

Respondent publicly censured.