[947 NYS2d 51]

In the Matter of Kevin J. Kilduff (Admitted as Kevin Joseph Kilduff), a Suspended Attorney. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, May 31, 2012

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

Respondent Kevin J. Kilduff was admitted to the practice of law in the State of New York by the First Judicial Department on June 16, 1997. Respondent maintains a law office in Massachusetts where he was admitted in 1993.

By order of this Court dated February 5, 2008, effective March 6, 2008, respondent was suspended pursuant to Judiciary Law § 468-a for failure to register and pay his biennial registration dues. While respondent made payment for past delinquent periods, he has not moved for reinstatement and is delinquent for the biennial period of 2011/2012.

On or about May 18, 2011, the Supreme Judicial Court of the Commonwealth of Massachusetts for Suffolk County issued an order directing its Board of Bar Overseers to issue an order publicly reprimanding respondent based on professional discipline imposed by the United States Department of the Treasury, Internal Revenue Service, Office of Professional Responsibility (OPR), which suspended respondent on January 20, 2010 for four years from practicing before the Internal Revenue Service (IRS) for willfully failing to file his personal federal tax return for 2002, and filing late returns for 2000 and 2001, and 2003-2005.

The Departmental Disciplinary Committee is now seeking, pursuant to Judiciary Law § 90 (2) and 22 NYCRR 603.3, an order imposing reciprocal discipline, to wit, a public censure or, in the alternative, whatever discipline this Court deems appropriate. Respondent has not appeared or submitted a response in this proceeding.

Respondent is a practicing tax attorney and partner in the Boston based law firm of Nachmias, Morris & Alt. From 1993 to about 1998 respondent was an attorney with the IRS. In May 2008, OPR commenced a proceeding by filing a complaint against respondent for violating 31 CFR 10.51 (a) by committing the above-described offenses. Respondent submitted an answer in which he denied most of the substantive allegations and appeared pro se in an administrative hearing. The Administrative Law Judge (ALJ) did not permit respondent to call any witnesses or introduce exhibits because he did not notify the other party by the designated date of his intention to do so. He was permitted to testify in narrative form, and he submitted a brief.

During the proceeding, respondent claimed that he had filed his federal returns for all of the years at issue, although conceding that some returns were late; all his returns were accurate and all taxes owed were paid; the OPR proceeding was initiated by referral from an IRS agent in a contentious case in which respondent had zealously represented a client; and his late filings were attributable to personal demands involving care for his ailing parents.

On November 18, 2008, the ALJ issued an order finding that respondent willfully failed to file his federal tax returns for 2002 and that this constituted "disreputable conduct" under section 10.51 but that the late filings did not violate said provision. The ALJ imposed a 24-month suspension from practicing before the IRS. Both parties appealed and the Treasury Appellate Authority determined that both respondent's nonfiling and late filings violated section 10.51 and imposed a 48-month suspension.

In June 2010, the Massachusetts Bar Counsel filed a petition for reciprocal discipline to the Massachusetts Supreme Judicial Court for Suffolk County seeking a four-month suspension. The court determined that since respondent was not charged with or convicted of a criminal offense, his conduct did not violate Massachusetts Rules of Professional Conduct (Mass RPC) rule 8.4 (b), as the Bar Counsel had charged. The court determined that respondent's willful failure to file his 2002 return violated Mass RPC rule 8.4 (h) and directed the Board of Bar Overseers to issue a public reprimand.

Despite respondent's failure to respond in this proceeding, it appears that none of the defenses to reciprocal discipline enumerated in 22 NYCRR 603.3 (c), to wit: (1) lack of notice and opportunity to be heard in the foreign jurisdiction; (2) infirmity of proof establishing the misconduct; or (3) the misconduct in the foreign jurisdiction does not constitute misconduct in New York, would be available.

Respondent was afforded due process in the Massachusetts proceeding and submitted an answer and memorandum in opposition to the Bar Counsel's petition. The record of the OPR proceeding establishes that respondent failed to file his federal income tax returns for 2002. Violation of Mass RPC rule 8.4 (h) contains equivalent language to that found in Code of Professional Responsibility DR 1-102 (a) (7) (now Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [h]).

Consistent with the principle generally accepted by this Court, we accord significant weight to the sanction imposed by the ju-

risdiction in which the misconduct occurred (*see Matter of Rogge*, 51 AD3d 367 [2008]; *Matter of Power*, 3 AD3d 21 [2003]). Moreover, we have imposed public censure for similar conduct (*see Matter of Clark*, 60 AD3d 159 [2009]).

Accordingly, the Committee's petition should be granted and respondent publicly censured.

GONZALEZ, P.J., SWEENY, MOSKOWITZ, ACOSTA and FREEDMAN, JJ., concur.

Respondent publicly censured.