[8 NYS3d 135]

In the Matter of JANET L. LANGJAHR, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JU-
DICIAL DEPARTMENT, Petitioner.

First Department, April 23, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Com-
mittee*, New York City (*Norma Melendez* of counsel), for
petitioner.

*Janet L. Langjahr*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Janet L. Langjahr was admitted to the practice of law in the State of New York by the First Judicial Department on July 11, 1988. At all times relevant to these proceedings, respondent has maintained a law office in the State of Florida, where she was admitted in 1993.

By order dated May 24, 2012 (91 So 3d 134 [2012]), the Supreme Court of Florida approved a conditional guilty plea and consent judgment for discipline, reprimanded respondent, and entered judgment against her for the recovery of costs in the amount of $1,250. Respondent entered into the consent judgment with advice of counsel "freely, voluntarily and without fear, threat or coercion" pursuant to rule 3-7.9 (a) of the Rules Regulating the Florida Bar (Rules of Discipline) to resolve a finding of probable cause by the Fifteenth Judicial Circuit Grievance Committee that she violated several of the Rules Regulating the Florida Bar.

The consent judgment recites that during February and March 2011, respondent was retained by a client to represent her in connection with a temporary injunction for protection that had been issued against her. Pursuant to a limited representation agreement, the client paid respondent approximately $5,400, including $1,750 for costs and expenses. The retainer agreement expressly provided that the client would be represented only in matters in which counsel filed a notice of limited representation.

After the opposing party failed to appear for a deposition, respondent filed a motion for attorney's fees, costs and sanctions, which was noticed for hearing on April 5, 2011 at 1:30 p.m. The court also set that occasion for the final hearing on the temporary injunction. Respondent filed a notice of limited appearance in connection with the hearing. Less than 24 hours before the scheduled appearance, respondent advised her client, by email, that she would require an additional $5,584.50 to proceed. Although the client had been advised that significant additional funds would be due, she had not been apprised of the exact amount. On the morning of the hearing, another email was sent at 9:32 a.m., rejecting $2,500 as insufficient and stating that, if the requested sum were not received, representation would not be provided. Respondent failed to appear at the hearing. As a result, the court denied the client's motion for attorney's fees, costs and sanctions, and issued a perma-

nent injunction against her. Notably, respondent had filed a motion for a continuance the day before, but it was not pursued by the client. Also on April 5, 2011, prior to the hearing, a termination of limited appearance was filed by respondent.

In the consent judgment, respondent admitted that these allegations, if proven, constitute a violation of Rules Regulating the Florida Bar rule 4-1.16 (d) entitled "Protection of Client's Interests," which states:

> "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interest, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers and other property relating to or belonging to the client to the extent permitted by law."

Respondent further consented to a public reprimand and agreed to pay the costs incurred by the Florida Bar in connection with its investigation, a total of $1,250.

The Departmental Disciplinary Committee now seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, imposing reciprocal discipline, namely, a public censure or, in the alternative, such discipline as this Court deems appropriate. In her verified response, respondent explains that she failed to notify New York of the Florida disciplinary action due to her ignorance of such requirement; the Disciplinary Committee was informed of the matter by the Grievance Committee for the Ninth Judicial District of New York.

Respondent concedes that she cannot assert any defense for her conduct and does not oppose the petition. Rather, she expresses deep regret for her "gross lapse in . . . professional judgment" and avers that she would "certainly conduct [herself] differently" if she could go back in time. She describes the incident as an isolated aberration since her law school graduation in 1987 and states that she has "implemented various adjustments in my law practice to ensure that such a situation never arises again." Finally, though her appearance was not required on the return date of the Committee's motion, respondent submitted her father's emergency room discharge sum-

mary for that date to explain her inability to attend. She requests that the summary be redacted from any public record of this proceeding.

Respondent does not assert any of the defenses to reciprocal discipline enumerated at 22 NYCRR 603.3 (c), to wit: lack of notice and opportunity to be heard; infirmity of proof; or the absence of any comparable New York provision warranting discipline for the misconduct identified by the foreign jurisdiction. The record establishes that respondent was afforded due process in the Florida proceeding insofar as she was advised that she was under investigation pursuant to Florida Bar Rules. She entered into a consent judgment with the assistance of counsel acknowledging that she was freely and voluntarily entering into the stipulation and consenting to the imposition of a public reprimand. The underlying facts set forth in the consent judgment and respondent's admissions constitute ample proof that her conduct violated Rules Regulating Florida Bar rule 4-1.16 (d). Moreover, the failure to undertake measures to protect a client's interests, to the extent reasonably practicable, violates a parallel provision governing practice in this state (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.16 [e]), and the imposition of reciprocal discipline is appropriate.

The only issue remaining for this Court's consideration is the appropriate sanction to be imposed. It is generally accepted that the jurisdiction where the respondent lived and practiced law at the time of the misconduct has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (*see Matter of Sandler*, 96 AD3d 129 [1st Dept 2012] [censure based upon a Florida reprimand]; *Matter of Rogge*, 51 AD3d 367 [1st Dept 2008] [censure based upon a Massachusetts reprimand]; *Matter of Milchman*, 37 AD3d 77 [1st Dept 2006] [censure based upon a Florida reprimand]). This Court has consistently held that "great weight should be accorded to the sanction administered by the state where the charges were originally brought" (*Rogge*, 51 AD3d at 369). As the Committee notes, there is no reason to depart from imposing a public censure (the equivalent of a Florida public reprimand) since it is consistent with this Court's precedent involving similar misconduct (*see Matter of Fengling Liu*, 109 AD3d 284 [1st Dept 2013] [respondent publicly censured based on Second Circuit public reprimand for, inter alia, failure to properly withdraw from representing clients in violation of

Code of Professional Responsibility DR 2-110 (a) (2) (22 NYCRR 1200.15 [a] [2])]; *Matter of Anschell*, 11 AD3d 56 [1st Dept 2004] [respondent disbarred based on Washington disbarment for, inter alia, a violation of DR 2-110 (a) (2)]).

Accordingly, the Committee's petition pursuant to 22 NYCRR 603.3 should be granted and respondent censured. The copies of respondent's father's medical record submitted with her response to the petition, should be excised from the public file.

TOM, J.P., RENWICK, DEGRASSE, MANZANET-DANIELS and CLARK, JJ., concur.

Respondent publicly censured.