Matter of Nolan (2020 NY Slip Op 07460)





Matter of Nolan


2020 NY Slip Op 07460


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Dianne T. Renwick
Troy K. Webber
Jeffrey K. Oing
Lizbeth González, JJ.


Motion No. 2020-03466 Case No. 2020-03552 

[*1]In the Matter of Alec H. Nolan (Admitted as Alec Hassard Nolan), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Alec H. Nolan (OCA Atty. Reg. No. 5184916.) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Alec Hassard Nolan, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 14, 2014.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Yvette A. Rosario, of counsel), for petitioner.
Lewis Tesser, Esq. and Randall Tesser, Esq., for respondent.



Per Curiam 


Respondent Alec H. Nolan was admitted to the practice of law in the State of New York by the First Judicial Department on July 14, 2014, under the name Alec Hassard Nolan. At all times relevant to this proceeding, respondent maintained a registered address within the First Judicial Department.
Respondent was served with a Notice of Petition and Petition of Charges dated August 25, 2020 in which it was alleged that he violated New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.4(c) and 8.4(d) by fabricating two doctor's notes and forging a doctor's signature on one of them.
The parties now jointly move under the Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.8(a)(5) for discipline by consent and request the imposition of a public censure. The Attorney Grievance Committee (Committee) and respondent agree on the stipulated facts, including the misconduct itself and factors in mitigation (no aggravation), and on the discipline. The undisputed factual findings in this matter are as follows:
From May 2017 to August 2018, respondent worked full time (8:00 a.m. to 4:00 p.m.) in a nonlegal position as a community coordinator for the City of New York Office of Administrative Trials and Hearings (OATH) in Manhattan. At least once a month respondent took time off to see his doctor in Brooklyn, who treated him for back problems. OATH requires employees who frequently take time off due to medical issues to submit documentation for doctor appointments.
On January 8, 2018, respondent had an 8:00 a.m. appointment but forgot to have his doctor document it. Rather than returning to Brooklyn for a note, respondent fabricated and then submitted to the OATH timekeeping unit a letter purportedly issued by City MD on Court Street, Brooklyn, and signed by respondent's doctor, who is not associated with City MD, stating that respondent had a scheduled appointment on January 8, 2018. Respondent used his home computer to alter a City MD note from a previous appointment unrelated to his back issue and forged his doctor's signature. Respondent also prepared a doctor's note for a colleague, who submitted the note; respondent did not forge a signature on that note. When questioned by OATH, respondent admitted to preparing both notes and disciplinary proceedings were initiated. Shortly thereafter, respondent resigned.
As required, respondent conditionally admits the foregoing stipulated facts and that he ran afoul of the New York Rules of Professional Conduct in violation of 8.4(c) (engaged in conduct involving dishonesty, fraud, deceit or misrepresentation) and 8.4(d)(engaged in conduct prejudicial to the administration of justice).
Respondent consents to the agreed discipline of a public censure, which consent is given freely and voluntarily, without coercion or duress and with full awareness of the consequences of consenting to such discipline.
Where[*2], as here, a respondent has cooperated with the Committee's investigation, testified candidly regarding the misconduct, there was a lack of harm to a client and the respondent has suffered by loss of his job and damage to his legal career, public censure has been found to be appropriate (Matter of Becker, 22 AD3d 29 [1st Dept 2005]; Matter of Wolmer, 226 AD2d 77 [1st Dept 1996]).
In light of respondent's admitted misconduct, the mitigating factors presented, the lack of aggravating factors and the relevant case law, the parties' joint motion for discipline by consent should be granted and respondent is publicly censured; the Committee's petition of charges should be denied as moot.
All concur.
It is Ordered that the parties' joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent is granted, and
It is further Ordered that respondent, Alec H. Nolan, is publicly censured for his misconduct, and
It is further Ordered that the Committee's Petition of Charges is denied as moot.
Entered:
[December 10, 2020]