Matter of Chism (2024 NY Slip Op 04440)

Matter of Chism

2024 NY Slip Op 04440

Decided on September 12, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 12, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Jeffrey K. Oing
Justice Presiding
Anil C. Singh Saliann Scarpulla Bahaati E. Pitt-Burke John R. Higgitt
Justices.

Motion No. 2024-02148 Case No. 2023-01532 

[*1]In the Matter of Davion Shante Ebony Chism, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Davion Shante Ebony Chism (OCA Atty. Reg. No. 5683297), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Davion Shante Ebony Chism, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 27, 2019.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo of counsel), for petitioner.
Tesser, Ryan & Rochman, LLP, White Plains(Randall T. Tesser of counsel) for respondent.

PER CURIAM 

Respondent, Davion Shante Ebony Chism, was admitted to the practice of law in the State of New York by the Second Judicial Department on March 27, 2019. At all relevant times respondent maintained an office for the practice of law within the First Judicial Department, although she has recently registered her business address in San Francisco, California.
On November 20, 2019, respondent, a US Navy sailor, pleaded guilty in the Special Court-Martial of the Navy-Marine Corps Trial Judiciary for the Northern Judicial Circuit, to the charges of wrongful interference with an adverse administrative proceeding (Uniform Code of Military Justice (UCMJ) article 134 [10 USC § 934]), false swearing (id.), and false official statement (UCMJ article 107 [10 USC § 907]), resulting from her falsification of medical records to excuse her inadvertent ingestion of illicit drugs and presentation of false documents to a military administrative board. In exchange for pleading guilty, respondent received the promised sentence of a reduction in pay grade from E-5 to E-1, forfeiture of her veterans' benefits, and a bad-conduct discharge from the navy. Sentence was imposed on the same date she pleaded guilty.
By notice dated March 28, 2023, petitioner, the Attorney Grievance Committee (the Committee) moved for an order determining that the military crimes respondent pleaded guilty to were "serious crimes" under Judiciary Law § 90 (4) (d) and that respondent show cause before a special referee why a final order of censure, suspension, or disbarment should not be made. This Court determined that the offense for which respondent pleaded guilty was a "serious crime" within the meaning of Judiciary Law § 90 (4) (d), did not address that portion of the Committee's motion which was to immediately suspend respondent, referred the matter to a referee, and ordered respondent to show cause why a final order of censure, suspension or disbarment should not be made.
The Rules for Attorney Disciplinary Matters provide that, at any time after the Committee files a petition alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent, which must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and specific rules or standards of [*2]conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon disciplinary sanction (see Rules for AttyDisciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [i]-[iii]). If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion.
The Committee and respondent now jointly move under 22 NYCRR § 1240.8 (a) (5) for an order imposing public censure as a discipline by consent. In support of the motion, the parties submit a joint affirmation containing a stipulation of facts stipulating to the following:
In 2017, while serving on a naval base, at a time when her mental condition was undiagnosed, untreated and exacerbated, respondent falsified medical records to excuse her inadvertent ingestion of drugs and presented the false documents to a military administrative board. This resulted in her conviction by court-martial, with a sentence of a "bad conduct discharge," a forfeiture of veterans' benefits and reduction in rank.
Respondent enlisted in the US Navy in 2014, and until her bad-conduct discharge, served with distinction. On one occasion she received the honor of being named "Sailor of the Quarter" for being someone that exemplifies the Navy standards and received a recommendation from her commanding officer to apply for an officer program for reservists.
Respondent is one of five children of a single mother and the first person in her family to graduate from high school and from college, specifically Princeton University, where she was a Gates Millennium Scholar and received the Spirit of Princeton Award. Respondent is also the first in her family to attend graduate school, receiving a professional degree through a joint M.B.A. and J.D. program at Northwestern University. Respondent returns to Princeton regularly to speak to first generation students, is a fellow of Management Leadership for Tomorrow, which assists members of underprivileged communities in attending business school and getting jobs in finance, and is a Robert F. Toigo Fellow, participating in a program that focuses on investment opportunities for minorities of color. She also supports her extended family financially and emotionally, this includes her mother, niece, her brother that lives under supervision and his seven children.
Despite all of her accomplishments and achievements respondent has suffered from persistent and profound mental health issues. Since receiving a proper diagnosis and treatment respondent's mental health improved and her mental condition has been well controlled. Respondent has also expressed sincere remorse for her conduct.
In her affidavit respondent conditionally admits that she violated the provisions of the Rules of Professional Conduct (RPC) (22 NYCRR 1200.0) rules 8.4 (c) and 8.4 (h) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5), and consents freely and voluntarily to the agreed upon discipline[*3], without coercion or duress and with her full awareness of the consequences of consenting to such discipline.
In pursuing this motion, the Committee and respondent stipulated to several factors in mitigation, including: At the time of her misconduct, respondent was recovering from recent physical and mental trauma and was experiencing severe mental health issues that directly caused her misconduct and she has been rehabilitated since receiving proper diagnosis and treatment; she has no prior disciplinary history; has fully cooperated with the Committee's investigation and proceedings and complied with 22 NYCRR § 1240.12 (a) and Judiciary Law § 90 (4) (c), by promptly notifying the Committee following her conviction; she has an impressive reputation, personally and professionally, pointing to her upbringing, educational accomplishments, support for her family and exemplary military service prior to the misconduct at issue and is an active volunteer with various community service engagements; she has expressed sincere and profound remorse for her actions; her misconduct was unrelated to the practice of law and did not result in harm to any client or other party; respondent's misconduct was an isolated incident that occurred during a period she was experiencing severe mental health issues, that was not part of a pattern of behavior, but rather an entirely uncharacteristic act.
The Committee provided no aggravating factors.
The parties agree that public censure is the appropriate sanction. The case law identified by the parties is generally in accord with the relief sought (see e.g. Matter of Nolan, 191 AD3d 145 [1st Dept 2020] [imposing censure when the respondent used his home computer to alter a doctor's note from a prior appointment because he forgot to have his doctor document the appointment]; Matter of Simpkins, 163 AD3d 195 [1st Dept 2018] [imposing censure]; Matter of Musmano, 69 AD3d 54 [1st Dept 2009] [same]). In light of this precedent, public censure, as requested by the parties, is the appropriate sanction.
The parties also seek an order directing that Exhibits B and C be permanently sealed for privacy reasons. This Court grants the request to seal Exhibits B and C, as the information contained therein is highly personal, and her conditional admissions made as part of the parties' joint motion are sufficient to make clear the circumstances and specifics of her misconduct (see Matter of Scudieri, 174 AD3d 168 [1st Dept 2019]; Matter of Scher, 59 AD3d 47 [1st Dept 2008]).
Accordingly, the parties' motion pursuant to 22 NYCRR § 1240.8 (a) (5) for an order imposing discipline by consent and for an order permanently sealing Exhibits B and C should be granted and respondent, Davion Shante Ebony Chism, is publicly censured and Exhibits B and C to this motion are permanently sealed until further order of this court.
All concur.
Wherefore, it is Ordered that the Committee's motion pursuant to 22 NYCRR § 1240.8 (a) (5) imposing discipline by [*4]consent is granted, and
It is further Ordered that respondent, Davion Shante Ebony Chism, is publicly censured for her misconduct, and
It is further Ordered that Exhibits B and C to the joint motion are permanently sealed until further order of this Court.
Enter: September 12, 2024