[760 NYS2d 413]

In the Matter of DAVID A. DORFMAN (Admitted as DAVID ALAN DORFMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 29, 2003

### APPEARANCES OF COUNSEL

*Jorge Dopico* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Hal R. Lieberman* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent David A. Dorfman was admitted to the practice of law in the State of New York by the Second Judicial Department on March 25, 1992, under the name David Alan Dorfman. At all times relevant to this proceeding, respondent has maintained an office for the practice of law in the First Judicial Department.

On or about August 2, 2001, the Departmental Disciplinary Committee filed a petition seeking an order finding respondent guilty of professional misconduct pursuant to the doctrine of collateral estoppel, arising from misconduct that was the subject of two related federal court civil proceedings (*Baker v Dorfman*, 97 Civ 7512, 99 Civ 9385). We granted the petition by unpublished order entered November 30, 2001, as amended by order entered January 4, 2002, and referred the matter to the Referee to conduct a hearing as to sanction only and to file a report. The Referee conducted the hearing on April 2, 2002. By report dated July 13, 2002, he recommended public censure as a sanction. A Hearing Panel heard oral argument on September 9, 2002. By its report dated October 2, 2002, the Panel recommended confirming the Referee's report and recommendation.

In sum and substance, respondent was charged with having made misrepresentations in his resume that induced a client, Ricky Baker, to hire him in order to sue the New York City Department of Health for emotional distress arising from its testing error that resulted in a report incorrectly indicating that Baker was HIV positive. Although respondent filed a notice of claim in that case, he was mistaken as to the filing deadline, and failed to seek leave to file a late notice of claim, resulting in the dismissal of the action. Baker then commenced an action sounding in legal malpractice and fraud against respondent in the federal court for the Southern District of New York. That court made detailed findings that respondent had convinced Baker to retain him by providing a resume "filled with patent falsehoods and misrepresentations designed to portray him as an experienced litigator," and further found that the dismissal of Baker's state court action resulted solely from respondent's negligence. After a jury trial, Baker was awarded $360,000 in compensatory damages and $25,000 in punitive damages. The judgment was subsequently affirmed by the Second Circuit Court of Appeals (239 F3d 415). When Baker sought to collect on the judgment, respondent formed a professional limited liability corporation, though his salary

from that entity was garnished, and he eventually sought, and received, bankruptcy protection. The settlement in bankruptcy court provided for a reduced obligation and regular payments.

In our prior order granting the Departmental Disciplinary Committee's collateral estoppel petition, we had made specific findings that respondent had committed professional misconduct. Specifically, we found that he violated Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3) by making material misstatements in his resume that deceived his client, which constituted fraudulent and dishonest conduct; that he violated DR 6-101 (a) (1) (22 NYCRR 1200.30) by undertaking representation on a matter that he knew or should have known he lacked the competence to handle, without associating himself with a lawyer who would have been competent to handle the matter; that he violated DR 6-101 (a) (3) in that he neglected a legal matter by failing to seek court permission to file a late notice of claim and failing to file the complaint until after the statute of limitations had expired; and that his initial failure to make required payments in satisfaction of the judgment against him reflected adversely on his fitness as a lawyer in violation of DR 1-102 (a) (5) and (7).

In addressing the appropriate sanction, the Referee found that respondent had expressed remorse, volunteers significant time in several bar associations and that he was recognized by the Association of the Bar of the City of New York in 2002 for his pro bono contributions, and received the Outstanding Young Lawyer of the Year Award from the New York State Bar Association in 1999. The Referee found that at the time of the misconduct, respondent was inexperienced, had only recently been admitted to the bar, he otherwise lacked a disciplinary history, cooperated with the investigation and submitted substantial evidence of good character. The Referee also found that a sanction of suspension from the practice of law would be excessive and might seriously affect his ability to continue payments of the judgment. The Hearing Panel agreed, and concluded that, under all circumstances of this case, respondent would be "more than sufficiently disciplined by public censure. Given the totality of the circumstances, a public censure should also suffice to demonstrate to the legal profession [to] take respondent's misconduct seriously." We agree that the nature of the misconduct, and taking into account these various mitigating factors (see, Matter of Wolmer, 226 AD2d 77 [1996]), public censure is an appropriate sanction.

Accordingly, the motion for an order confirming the findings of fact and conclusions of law set forth in the determination of

the Hearing Panel should be granted and respondent should be publicly censured.

TOM, J.P., MAZZARELLI, ANDRIAS, SULLIVAN and WILLIAMS, JJ., concur.

Petition granted. Respondent herewith publicly censured.