[805 NYS2d 69]

In the Matter of Leo L. Wong (Admitted as Leo Lehon Wong), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, December 6, 2005

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun Hwa Lee* of counsel), for

petitioner. *Benjamin Brotman & Associates, P.C.* (*Howard Benjamin* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Leo L. Wong was admitted to practice as an attorney in New York by the First Judicial Department on November 19, 2001, as Leo Lehon Wong. At the time respondent engaged in the misconduct at issue, he had not yet been admitted to practice as an attorney.

In August 2004, the Departmental Disciplinary Committee filed a petition, pursuant to Judiciary Law § 90 (4), seeking an order finding respondent was convicted of a "serious crime." The basis of the petition was respondent's conviction, on March 11, 2004, in Criminal Court of the City of New York, upon his plea of guilty, of attempted grand larceny in the fourth degree in violation of Penal Law §§ 110.00 and 155.30 (1), a class A misdemeanor. Respondent admitted unlawful receipt of unemployment benefits in the amount of $3,240 from September 10, 2001 to November 4, 2001, while employed by an investment bank on a temporary, full-time basis.[1]

This Court granted the petition by unpublished order dated October 29, 2004, and directed respondent to appear before a Hearing Panel on the sole issue of the appropriate sanction to be imposed.

At the hearing, respondent testified, as did eight character witnesses, each affirming respondent's good character.[2] Respondent testified that in the beginning of August 2001 he was laid off from a position at Goldman Sachs, and in September 2001, he applied for and started receiving unemployment benefits. On September 10, 2001, respondent started work as a temporary employee at UBS Warburg, LLC. Respondent attempted to call the Department of Labor to inquire whether he still qualified for unemployment benefits, but it was difficult to get through in the wake of September 11, 2001. Instead, he relied on his roommate, a restaurant manager, who told him that as long as the position was temporary he could still receive unemployment.

On November 10, 2001, respondent was offered a permanent position at UBS, at which time he stopped seeking and receiv-

---

1. Respondent was sentenced to a one year conditional discharge and made restitution to the Department of Labor in the sum of $3,240.

2. Respondent also introduced several letters attesting to his good character.

ing unemployment benefits. Respondent was admitted to practice on November 19, 2001 and continued to work at UBS. Thereafter, from August 2002 to September 2004, respondent became a law clerk for Chief Judge Gambardella of the United States Bankruptcy Court in Newark, New Jersey. Judge Gambardella testified, among other things, that because of his excellent work, she had extended the standard one-year clerkship to two years with respect to respondent, something she had only done on one or two occasions during her previous 19 years on the bench.

Thereafter, in January 2003, respondent received a letter from the Department of Labor notifying him that he had received an overpayment of benefits and requesting that he contact them. Although respondent attempted to contact the Department of Labor by leaving telephone messages, he never made contact and did not follow through. In May 2003, the District Attorney's office contacted respondent about the overpayment of benefits and asked him to come to their offices, where he was arrested.

Respondent acknowledged that his acceptance of benefits was inexcusable and that he alone was responsible.

At the end of the hearing, Committee staff recommended respondent be suspended for a period of six months, and respondent requested public censure or a lesser sanction.

In addressing the appropriate sanction, the Panel credited respondent's explanation that he mistakenly believed he was entitled to the unemployment benefits during his temporary employment and that his numerous housing changes thereafter resulted in his lack of communication with the Department of Labor. The Panel also noted that once confronted with the charges, respondent admitted responsibility, pleaded guilty and made full restitution. The Panel credited further "respondent's relative inexperience as an attorney at the time of the conduct complained of as well as the numerous character witnesses called on his behalf including, . . . the Hon. Rosemary Gambardella." Furthermore, the testimony of the character witnesses "established a picture of a young man who made a youthful mistake which is unlikely to recur in the future." Accordingly, the Panel recommended that respondent receive a public censure.

The Committee now seeks an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) confirming the determination of the Hearing Panel and granting such other relief as justice may

require. Respondent's counsel has submitted an affirmation in which he concurs with the Committee's motion to confirm the Hearing Panel's recommendation of censure.

We agree that given the nature of the misconduct and taking into account various mitigating factors, public censure is the appropriate sanction. Respondent was a young, inexperienced, not yet admitted attorney (*see Matter of Dorfman*, 304 AD2d 273 [2003]). Even if respondent had not been a law school graduate, it would be difficult to credit his statement that he mistakenly believed he could receive unemployment benefits while working at a temporary job. Nonetheless, respondent cooperated with the Committee, took responsibility for his wrongful conduct, which included pleading guilty to a misdemeanor, and made full restitution. Furthermore, as the Panel noted, respondent's improper conduct, which did not involve the practice of law, has affected and will continue to affect his future career opportunities. Lastly, respondent presented numerous attestations as to his integrity and good character.

Accordingly, the Committee's petition to confirm the Hearing Panel's recommendation of public censure should be granted and respondent should be publicly censured.

MAZZARELLI, J.P., FRIEDMAN, MARLOW, SULLIVAN and NARDELLI, JJ., concur.

Respondent publicly censured.