■ In the Matter of FREDERIC M. BRANDES, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [837 NYS2d 880]—

Per Curiam. Respondent was admitted to practice by this Court in 2002. He maintained an office for the practice of law in Maryland where he was admitted to the bar in 1977.

By order dated August 16, 2005 (388 Md 620, 881 A2d 669 [2005]), the Court of Appeals disbarred respondent upon his consent. He was subsequently and reciprocally disbarred upon his consent in the District of Columbia in 2006 (905 A2d 788 [2006]). The joint petition for disbarment in Maryland found that respondent, among other misconduct, knowingly made a false statement of fact to a court, neglected client cases, failed to communicate with several clients, placed advance fees from clients into his operating account prior to earning same, failed to return to clients the unearned portions of his fees, and charged an excessive fee.

Petitioner moves for an order imposing reciprocal discipline upon respondent by reason of his disbarment in Maryland pursuant to this Court's rules (see 22 NYCRR 806.19). Respondent has submitted a statement in opposition setting forth mitigating considerations.

Under the circumstances presented, including respondent's disbarments in Maryland and the District of Columbia, we grant petitioner's motion and we further conclude that, in the interest of justice, the same discipline imposed in those jurisdictions should be imposed in this state, namely disbarment.

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that petitioner's motion for reciprocal discipline is granted; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (see 22 NYCRR 806.9).