[59 NYS3d 368]

In the Matter of JOEL M. GLUCK, an Attorney, Respondent. AT-
TORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DE-
PARTMENT, Petitioner.

First Department, August 8, 2017

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,*
New York City (*Naomi F. Goldstein* of counsel), for petitioner.
*Michael A. Gentile*, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Joel M. Gluck was admitted to the practice of law in New York by the First Judicial Department on March 1, 1982, and maintains an office for the practice of law within the First Department.

By opinion and order dated July 15, 2015, the Committee on Grievances for the United States District Court for the Eastern District of New York (COG) publicly reprimanded respondent for disregarding "multiple court orders in more than ten federal actions, fail[ing] to appropriately communicate with clients and the court and delay[ing] numerous litigations to the detriment of clients and adversaries" in violation of Rules of Professional Conduct (22 NYCRR 1200.0) (RPC) rules 1.1 (competence), 1.3 (lack of diligence), 1.4 (failure to communicate with client), 3.2 (delay of litigation), 3.3 (conduct before a tribunal), 3.4 (fairness to opposing party and counsel), and 8.4 (misconduct) (*Matter of Gluck*, 114 F Supp 3d 57, 58 [ED NY 2015]).

Although the COG's decision specifically directed respondent to disclose its decision to all courts and bars of which he is a member, respondent did not report his federal discipline until November 2016, when he advised the Grievance Committee in the Second Department. Thereafter, the Second Department forwarded the Eastern District's decision and order to the Attorney Grievance Committee (Committee).

The Committee now seeks an order pursuant to Judiciary Law § 90 (2) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, finding that respondent has been disciplined by a foreign jurisdiction and directing him to demonstrate why discipline should not be imposed in New York for the underlying misconduct. Respondent consents to the motion and, if discipline is to be imposed, he asks that it be a public censure.

In August 2013, the COG issued an order to show cause as to why respondent should not be disciplined for his repeated noncompliance with numerous orders issued in a discrimination action in which he represented the plaintiff. In October 2013, respondent submitted an answer explaining that a difficult financial situation and limited office staff affected his representation and asked that a sanction no greater than a reprimand be imposed. In November 2013, respondent submitted a supplemental response advising that he had paid the sanctions and fees imposed upon him in the underlying case.

In May 2014, the COG issued an order to show cause with a supplemental statement of charges setting forth respondent's extensive history of misconduct in connection with 10 other federal actions dating back to January 2005. In August 2014, respondent answered, reiterating the financial and personal circumstances that impacted his practice, and asserting that his violations of the Rules of Professional Conduct were unintentional and that a reprimand was appropriate.

In concluding that respondent's "continuous disregard of approximately 25 court orders issued in 11 federal actions" violated the rules charged, the COG, in its decision of July 15, 2015, incorporated the facts related to respondent's misconduct set forth in the two orders to show cause (*Matter of Gluck* at 59). In citing to five of respondent's cases and finding a violation of rule 1.3 (diligence), the COG determined that the "record clearly demonstrates, and Respondent admits, that [he] practiced with far from the requisite diligence and neglected several actions, often to the detriment of his clients" (*id.*). Again, referring to five of respondent's cases, the COG noted that "the court imposed sanctions or threatened to sanction Respondent on several occasions for ignoring court orders" (*id.*). Respondent displayed incompetence when he failed to diligently comply with court-ordered deadlines and to appear at scheduled court conferences (rule 1.1 [c] [2]), needlessly delayed litigation (rule 3.2), acted unfairly towards opposing parties and counsel (rule 3.4) and engaged in improper conduct before a tribunal (rule 3.3 [f]) that adversely reflected on his fitness to practice law (rule 8.4 [h]).

The COG also found that there was "ample evidence that Respondent failed to fulfill his obligation to communicate with his clients" regarding "critical developments in their cases" in relation to three matters, in violation of RPC rule 1.4, and that he admitted that "[a] number of clients advised that they had difficulty in being able to contact me in late 2012 and 2013" (*id.* at 60).

As to the appropriate sanction to impose, the COG noted that while respondent had "engaged in a pattern and practice of disregarding court orders and failing to properly communicate with his clients," there were several factors in mitigation to be considered (*id.* at 60-61). In support of mitigation, the COG noted respondent's financial and personal difficulties throughout 2012 and 2013, which ultimately forced him to close his law office in May 2013. The COG also noted respon-

dent's effort to represent individuals who might not otherwise obtain counsel. Weighing these factors, the COG ordered that respondent should be publicly reprimanded for the misconduct.

As noted, the Committee seeks an order finding that respondent has been disciplined by a foreign jurisdiction and directing him to demonstrate to this Court why discipline should not be imposed in New York for the underlying misconduct (22 NYCRR 1240.13).

By an answer and affirmation of counsel, respondent consents to the Committee's motion and waives any rights that he may have to assert defenses to the imposition of reciprocal discipline and to any hearing, and asks that if discipline is to be imposed, that it be a public censure.

Respondent concedes that he cannot raise any of the available defenses under 22 NYCRR 1240.13, nor could he since he was given notice and an opportunity to be heard in the Eastern District, there was no infirmity of proof establishing the misconduct, and the misconduct for which he was disciplined constitutes misconduct in New York. Indeed, respondent submitted responses to the allegations against him as set forth in the two orders to show cause, and admitted to engaging in some of the misconduct charged. Thus, based upon the findings of the Eastern District, the imposition of reciprocal discipline is warranted.

Therefore, the only issue left to decide is the appropriate sanction. As a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (*see Matter of Peters*, 127 AD3d 103, 109 [1st Dept 2015]; *Matter of Cardillo*, 123 AD3d 147, 150 [1st Dept 2014]). Only in rare instances will this Court depart from its general rule (*see Matter of Kim*, 138 AD3d 8 [1st Dept 2016]; *Matter of Lowell*, 14 AD3d 41 [1st Dept 2004], *appeal dismissed* 4 NY3d 846 [2005], *lv denied* 5 NY3d 708 [2005]).

While COG noted that the extent of the misconduct at issue could have resulted in discipline beyond a reprimand, in light of "Respondent's financial hardships and his willingness to represent individuals for little or no compensation" a reprimand was appropriate (114 F Supp 3d at 58). Furthermore, there is no mention of a prior disciplinary history, respondent cooperated with the Federal Committee on Grievances and consents to the instant motion, and a censure is in accord with the mitigation presented and this Court's precedent under similar cir-

cumstances (*see Matter of Bogard*, 149 AD3d 224 [1st Dept 2017]; *Matter of Villanueva*, 146 AD3d 73 [1st Dept 2016]; *Matter of Basdekis*, 142 AD3d 280 [1st Dept 2016]).

Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent is publicly censured pursuant to 22 NYCRR 1240.13.

FRIEDMAN, J.P., MANZANET-DANIELS, MOSKOWITZ, KAPNICK and WEBBER, JJ., concur.

Respondent publicly censured.