Matter of Mumford (2019 NY Slip Op 02439)





Matter of Mumford


2019 NY Slip Op 02439


Decided on March 28, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. John W. Sweeny, Jr., Justice Presiding,
Dianne T. Renwick
Judith J. Gische
Marcy L. Kahn
Cynthia S. Kern,Justices.


M-71

[*1]In the Matter of Marcus R. Mumford, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Marcus R. Mumford, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Marcus R. Mumford, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on November 14, 2001.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent Marcus R. Mumford was admitted to the practice of law in the State of New York by the First Judicial Department on November 14, 2001. At all times relevant to this proceeding, respondent maintained a registered address in Utah, where he is admitted to practice and resides.
The Attorney Grievance Committee (AGC) seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, for this Court to impose reciprocal discipline on respondent, predicated upon the discipline of an admonishment imposed by the United States Court of Appeals for the Tenth Circuit.
By order of February 2, 2017, the Tenth Circuit granted respondent's motion to file an opening brief out of time on behalf of a defendant in an appeal before the court but in so doing referred respondent to the court's disciplinary panel based on a pattern of disregard for the court's case management deadlines and rules regarding motions for extensions of time. The Tenth Circuit cited to 10 appellate matters in which respondent had made late filings and noted his pattern of "fail[ing] to file a brief, petition or response to a court order by the applicable deadline, which was often extended multiple times prior to the late filing" and "[i]n many of those appeals, [respondent] filed motions for extensions of time and/or motions for leave to file documents out of time that did not comply with [the] court's rules regarding the timing of such motions (10th Cir. R. 27.5) and seeking the opposing party's position regarding the relief requested (10th Cir. R. 27.1)." Having concern that respondent's "behavior evinces a pattern and practice of disregard for this court's rules, orders and deadlines," the court ordered him to show cause why he should not be disciplined.
In his response, respondent addressed the appeals cited by the court and explained that his conduct was the result of his preoccupation with other litigation matters as well as significant family obligations. Respondent expressed remorse for his dilatory conduct and maintained that his missteps did not involve dishonest or contumacious conduct. He also requested a hearing to present his case in mitigation.
By order of March 17, 2017, the court denied respondent's request for a hearing and imposed public discipline in the form of an admonishment. It held that "[u]pon careful consideration of [respondent's] response, we have concluded that an admonishment is sufficient to resolve this matter at this time. [Respondent's] failure to comply with this court's deadlines, rules and directives is inconsistent with the standards of practice required of attorneys admitted to appear before this court."
The AGC now moves for reciprocal discipline, maintaining that the prerequisites for reciprocal discipline have been satisfied because respondent received sufficient due process in the Tenth Circuit proceeding, the record included sufficient evidence of professional misconduct on his part and respondent's misconduct before that court would also constitute misconduct in New York. As to sanction, the AGC asserts that the relevant precedent supports the imposition of a public censure. Respondent has not submitted a response to the AGC's motion.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice and opportunity to be heard in the foreign jurisdiction; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York. As respondent has not submitted a response, he has not raised any of the aforementioned defenses.
In any event, none of the defenses under 22 NYCRR 1240.13 apply to this matter. Respondent received notice of the allegations at issue in the Tenth Circuit disciplinary proceeding and, even though his request for a hearing was denied, the court's order makes clear that his response and mitigation presented therein was considered. In addition, the misconduct findings made by the Tenth Circuit are sufficiently supported by the record.
The misconduct for which respondent was disciplined by the Tenth Circuit would also constitute misconduct in New York in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3(a) (failure to act with reasonable diligence and promptness in representing a client); 1.3(b) (neglect of a legal matter); 3.3(f)(1) (failure to comply with known local customs [*2]of courtesy and practice of the bar or a particular tribunal without giving to opposing counsel timely notice of the intent not to comply); 3.3(f)(3) (intentionally or habitually violating any established rule of procedure); 8.4(d) (conduct prejudicial to the administration of justice); and 8.4(h) (other conduct adversely reflecting on fitness as a lawyer).
Turning now to the appropriate sanction to be imposed, as a general rule, in reciprocal discipline matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]). A public censure, the equivalent of the public admonishment issued by the Tenth Circuit, is in accord with this Court's precedent involving similar misconduct (see e.g., Matter of Gluck, 153 AD3d 301, 302 [1st Dept 2017]; Matter of Vialet, 120 AD3d 91, 95-96 [1st Dept 2014]; Matter of Rudrakumaran, 113 AD3d 107, 109 [1st Dept 2013]).
Accordingly, the petition for reciprocal discipline is granted and respondent should be publicly censured pursuant to 22 NYCRR 1240.13.
All concur.
Order filed. [March 28, 2019]
Motion for reciprocal discipline is granted, and respondent is publicly censured pursuant to 22 NYCRR 1240.13.