Matter of Martir (2019 NY Slip Op 09401)





Matter of Martir


2019 NY Slip Op 09401


Decided on December 26, 2019


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. David Friedman,Justice Presiding,
Dianne T. Renwick
Peter Tom
Jeffrey K. Oing
Anil C. Singh, Justices.


&em;

[*1]In the Matter of Carlos A. Martir, Jr., (admitted as Carlos Alberto Martir, Jr.), an attorney and counselor-at-law: Attorney Grievance CommitteeM-6909 for the First Judicial Department, Petitioner, Carlos A. Martir, Jr., Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Carlos A. Martir, Jr., was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 7, 1980.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Deborah A. Scalise, Esq., for respondent.



PER CURIAM.


Respondent Carlos A. Martir, Jr., was admitted to the practice of law in the State of New York by the First Judicial Department on July 7, 1980, under the name Carlos Alberto Martir, Jr. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Department.
By order dated March 3, 2016, the Disciplinary Board of the Supreme Court of Pennsylvania publicly reprimanded respondent for his repeated failure to appear before the court in a criminal matter in accordance with its scheduling orders. Respondent was found in contempt and fined $1,500.
The Attorney Grievance Committee (Committee) of the First Department now seeks an order pursuant to Judiciary Law § 90(2) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and the doctrine of reciprocal discipline on the basis of the discipline imposed by the Disciplinary Review Board of the Supreme Court of Pennsylvania. The Committee seeks the imposition of a public censure. Respondent does not oppose the imposition of reciprocal discipline, but requests, in the alternative, private discipline in the manner of an admonition.
Respondent does not dispute that he failed to appear in a Pennsylvania criminal proceeding for jury selection on July 1, 2014, which resulted in the court's order directing him to appear on July 23, 2014 for a contempt hearing, at which he also failed to appear. The contempt hearing was adjourned to July 30, 2014, at which time respondent was found to have been in contempt of the court's scheduling order. His sentencing was scheduled for October 14, 2014, for which he appeared late. Respondent was fined $1,500 for his contempt, which he paid.
Respondent subsequently was charged with violations of the Pennsylvania Rules of Professional Conduct 1.1, 1.3 and 8.4(d), for, respectively, his failure to provide competent representation to a client, failure to act with reasonable diligence and promptness in representing a client, and conduct prejudicial to the administration of justice. On or about March 3, 2016, the violations pertaining to rules 1.3 and 8.4(d) were upheld, and a sanction of a public reprimand was imposed. During respondent's appearance on April 14, 2016, the Disciplinary Board rejected his earlier explanations for his omissions and noted that he had been privately disciplined on three prior occasions for neglect of client matters and misrepresenting matters to the court.
Presently, the Committee advises that respondent failed to inform it of the outcome of the Pennsylvania disciplinary proceeding in violation of 22 NYCRR 1240.13(d). In reciprocal
discipline cases, we often give significant weight to the sanction imposed by the jurisdiction in which the charges were originally brought (Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010). Although respondent, in seeking an admonition as an alternative sanction, submits as mitigation information which may reflect well on his private life and some aspects of his professional service, nevertheless he fails to establish the defenses specified by 22 NYCRR 1240.13. He has displayed a pattern of conduct that constitutes multiple professional breaches, and the Pennsylvania disciplinary violations are the equivalent of New York's Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3(a) and 8.4(d). We have found public censure to be an appropriate sanction for an attorney's failure to adhere to court scheduling (Matter of Mumford, 171 AD3d 180 [1st Dept 2019]; Matter of Hoffman, 34 AD3d 1 [1st Dept 2006]) and for disregarding court orders (Matter of Gluck, 153 AD3d 301 [1st Dept 2017]), notwithstanding proposed mitigation.
Accordingly, the motion for reciprocal discipline should be granted and respondent is publicly censured.
All concur.
Order filed. [December 26, 2019]
Motion for reciprocal discipline is granted, and respondent
is publicly censured pursuant to 22 NYCRR 1240.13.