Matter of Clarke (2020 NY Slip Op 06861)





Matter of Clarke


2020 NY Slip Op 06861


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
Angela M. Mazzarelli
Anil C. Singh
Tanya R. Kennedy
Saliann Scarpulla, JJ.


Motion No. 2020-2587 Case No. 2020-03331 

[*1]In the Matter of Wesley l. Clarke, (Admitted as Wesley Lindon Clarke) an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Wesley l. Clarke, (OCA Atty. Reg. No. 2525350) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Wesley Lindon Clarke, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 11, 1993.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Respondent, pro se.
[*2]


Per Curiam 


Respondent Wesley L. Clarke was admitted to the practice of law in the State of
New York by the First Judicial Department on January 11, 1993, under the name Wesley
Lindon Clarke. Although respondent's registered address is in the District of Columbia, this Court retains jurisdiction as the Judicial Department in which he was admitted to practice (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
By order entered September 12, 2019, the District of Columbia Court of Appeals
disbarred respondent by consent, effective October 25, 2019 (215 A3d 760 [2019]).
The Attorney Grievance Committee (AGC) now seeks an order, pursuant to 22 NYCRR 1240.13 and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why he should not be disciplined in New York based on his discipline in the District of Columbia (D.C.), and disbarring him or, in the alternative, sanctioning him as this Court deems appropriate. Respondent opposes.
In 2019, the Office of Disciplinary Counsel for the District of Columbia (Disciplinary Counsel) filed a motion with the Board on Professional Responsibility (Board) to accept respondent's consent to disbarment. The motion was supported by respondent's affidavit in which he consented to his disbarment effective October 25, 2019. He acknowledged that his consent was freely and voluntarily rendered, he was not subject to coercion or duress, and he was fully aware of the implications of consenting to disbarment.
Additionally, respondent acknowledged that he was aware that Disciplinary Counsel was investigating multiple matters involving his conduct and the allegations against him included misappropriation of estate funds and disputed funds, false representations to the probate court and the Office of the Auditor Master (OAM) about fees he collected, and the submission of false billing to both a client and the OAM in violation of D.C. Rules of Professional Conduct 1.15(a) (failure to safeguard client funds), 1.15(d) (failure to safeguard disputed funds), 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (conduct that seriously interferes with the administration of justice).
Respondent conceded that based upon inaccuracies in billing he generated for clients, the Disciplinary Counsel had sufficient evidence to prove that he "engaged in reckless misappropriation in three matters"; that while he did not believe that he intentionally misled the client or the court, the Disciplinary Counsel had sufficient evidence to prove that he "engaged in reckless dishonesty in four matters"; there were "serious shortcomings" in his representation in the cases at issue; while he never intended to misrepresent any material fact or to misappropriate funds, the Disciplinary Counsel had sufficient evidence to prove that he "engaged in reckless misappropriation and reckless dishonesty"; "the material facts upon which the allegations of misconduct [were] predicated [were] true"; and "if disciplinary proceedings based on the alleged misconduct were brought, [he] could not successfully defend against them."
Respondent requested that his disbarment become effective on October 25, 2019 to allow him time to wind up his law practice during which he agreed not to take on any new clients or [*3]client matters and he would inform all of his current clients of his consent to disbarment based on the pending disciplinary matters before taking any further action in their matters. Disciplinary Counsel agreed to respondent's request as these conditions protected the public.
Upon review of respondent's affidavit consenting to disbarment, the Board issued a decision recommending he be disbarred in accordance therewith.[FN1] Thereafter, the District of Columbia Court of Appeals adopted the Board's recommendation and disbarred respondent by consent, effective October 25, 2019.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13(b), respondent may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state. The AGC argues that none of the enumerated defenses to reciprocal discipline apply herein because respondent received notice of the allegations against him and there is no evidence that he was denied opportunity to answer them, there is no infirmity of proof given his admissions underlying his consent to disbarment that he could not defend against the allegations at issue, and his alleged misconduct in the D.C. would also constitute misconduct in New York.
As to sanction, the AGC notes that in reciprocal discipline cases the Court generally defers to the sanction determination in the foreign jurisdiction and the AGC argues that disbarment is in accord with our case law involving comparable misconduct.
The AGC asserts that respondent failed to notify the Committee of his discipline in the District of Columbia in violation of 22 NYCRR 1240.13(d).
By an unsworn response, respondent opposes. Notwithstanding that he consented to disbarment in the D.C. disciplinary proceeding he argues that: he did not receive sufficient due process in the D.C. proceeding because there was no hearing and he believes that if there had, he would have been exonerated; his affidavit does not constitute "sufficient evidence" of misconduct and asserts that it was "procedurally lacking" because it was signed electronically while he was out of the country therefore there are issues as to its admissibility and "appropriateness," nor was their witness testimony or evidentiary submissions [FN2]; "all the misconduct has not clearly been spelled out or established"; and the AGC has mischaracterized the allegations of misconduct (notwithstanding that the Committee's descriptions thereof are taken directly from his affidavit in the D.C. proceeding).
Additionally, he asserts that: he did not receive the instant motion served by email (but does not deny that he received the motion the AGC served by mail at his registered address); as he executed his affidavit consenting to disbarment while outside of the country, he was unable to have counsel in the D.C. proceeding; and he was denied sufficient due process in the "collateral matter."
Respondent argues that this Court does not have to impose the same discipline imposed by the District of Columbia (see Matter of Kim, 138 AD3d 8 [1st Dept 2016]; Matter of Lowell, [*4]14 AD3d 41 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]), and under the New York rules "the conduct [at issue] would at most be the subject of a reprimand" as support for which he cites Matter of Gluck (153 AD3d 301, 302 [1st Dept 2017]) and Matter of Zhang (142 AD3d 268 [1st Dept 2016]).
The AGC argues that respondent's asserted defenses of lack of due process and infirmity of proof are without merit because he waived his right to a hearing and consented to disbarment; his affidavit evidences that his consent was freely and voluntarily given without coercion or duress and with full awareness of the implications thereof; he admitted that the material facts upon which his alleged misconduct was predicated were true; and he acknowledged that if disciplinary proceedings were brought based therein he could not successfully defend against them. As to respondent's claim that he did not receive the motion served by email, the AGC has included emails memorializing his consent to service by email.
Respondent's assertions of lack of due process and infirmity of proof fail because respondent's affidavit in the D.C. proceeding evidences that he was fully aware of the allegations against him, he acknowledged that the underlying material facts were true and that he could not successfully defend himself against charges, he waived his right to a hearing and consented to disbarment. Further, the misconduct for which respondent was disciplined in D.C. would constitute misconduct in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15(a), 1.15(b)(4) (failure to safeguard disputed funds), 1.15(c)(4) (failure to promptly pay to client funds which client is entitled to receive), 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (conduct that is prejudicial to the administration of justice) .
Accordingly, the only issue remaining is the appropriate sanction to impose and "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]). Only in rare instances will this Court depart from its general rule (Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]; Matter of Lowell, 14 AD3d at 48).
We find that the sanction of disbarment is commensurate with the discipline imposed in D.C. and is in accord with our precedent involving comparable misconduct (see e.g. Matter of Arnold, 180 AD3d 72 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d at 86; Matter of Frants, 160 AD3d 171 [1st Dept 2018]; Matter of Hersh, 91 AD3d 144 [1st Dept 2011]; Matter of Ligos, 75 AD3d 78 [1st Dept 2010] ; Matter of Gentile, 46 AD3d 53 [1st Dept 2007] ; see also Matter of Brandes, 42 AD3d 655 [3d Dept 2007]).
Accordingly, the Committee's motion should be granted to the extent of disbarring respondent and striking his name from the roll of attorneys and counselors-at-law in the State of New York effective October 25, 2019.
All concur.
It is Ordered that the Committee's motion is granted to the extent of disbarring respondent and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective October 25, 2019, and
It is further Ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is [*5]forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; and that respondent is forbidden to give to another an opinion as to the law or its application or any advice in relation thereto, and
It is further Ordered that respondent is directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), a copy of which is made a part hereof, and
It is further Ordered that if the respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).
ENTERED: [November 19, 2020]



Footnotes

Footnote 1: The Board's decision noted that Disciplinary Counsel's motion alleged that respondent
engaged in additional misconduct not reflected in his affidavit. 

Footnote 2: Citing to the Secretary of Virginia's website, the D.C. Board noted the validity of electronically notarized signatures.