Matter of Lovejoy (2021 NY Slip Op 04105)





Matter of Lovejoy


2021 NY Slip Op 04105


Decided on June 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 29, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
Troy K. Webber
Angela M. Mazzarelli
Peter H. Moulton
Manuel J. Mendez, JJ.


Motion No. 2021-00673 Case No. 2020-04973 

[*1]In the Matter of Frederick A. Lovejoy, an attorney and counselor-at law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Frederick A. Lovejoy, (OCA Atty. Reg. No. 1913425) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on February 6, 1984.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kevin M. Doyle, of counsel), for petitioner.
Respondent, pro se.



Per Curiam 


Respondent Frederick A. Lovejoy was admitted to the practice of law in the State of New York by the First Judicial Department on February 6, 1984. He maintains a registered address in New Hampshire, where he resides.
On December 14, 2018, the Connecticut Statewide Grievance Committee issued a public reprimand to respondent based on his failure to satisfy a judgment entered against his law firm of which he was the sole principal and his dilatory and harassing conduct in litigation concerning same.
The Attorney Grievance Committee (AGC) now seeks an order, pursuant to Judiciary Law § 90(2), the Rules for Attorney Disciplinary Matters (22 NYCRR)
§ 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction and imposing a public censure, or, in the alternative, sanctioning respondent as this Court deems appropriate.
None of the enumerated defenses to reciprocal discipline are available to respondent. Respondent received notice of the allegations against him and challenged them; he appeared and testified before the reviewing committee; he was advised of his right to seek review of the reviewing committee's adverse decision but elected not to do so; the reviewing committee's misconduct findings are sufficiently supported by the record; and the misconduct for which respondent was disciplined would constitute misconduct in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.4(c) and 4.4(a).
Public censure is an appropriate sanction as it is commensurate with the discipline imposed by Connecticut and is in accord with New York precedent involving comparable misconduct (see e.g. Matter of Gluck, 153 AD3d 301 [1st Dept 2017]).
Accordingly, the AGC's motion should be granted and respondent is censured.
All concur.
It is ordered that the Committee's motion for reciprocal discipline pursuant to Judiciary Law §?90 (2) and Rules for Attorney Disciplinary Matters (22 NYCRR) §?1240.13 is granted and respondent is publicly censured.
Entered. June 29, 2021