Matter of Martir (2025 NY Slip Op 02040)

Matter of Martir

2025 NY Slip Op 02040

Decided on April 08, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 08, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Dianne T. Renwick
Presiding Justice
David Friedman Barbara R. Kapnick Manuel Mendez Bahaati E. Pitt-Burke
Justices.

Motion No. 2024-05954|Case No. 2024-07338|

[*1]In the Matter of Carlos Alberto Martir, Jr., an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Carlos Alberto Martir, Jr. (OCA Atty. Reg. No. 2101459) Respondent.

PER CURIAM 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Carlos Alberto Martir, Jr., was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 7, 1980.
Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Diana Neyman, of counsel), for petitioner.
Respondent, pro se.
Motion No. 2024-05954 — January 6, 2025
In the Matter of Carlos Alberto Martir, Jr., An Attorney
PER CURIAM
Respondent Carlos Alberto Martir, Jr. was admitted to the practice of law in the State of New York by the First Judicial Department on July 7, 1980. Respondent, pro se, has not appeared in this action. However, at all times relevant to this proceeding, respondent maintained a registered address in the First Judicial Department. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
This matter arose out of respondent's mishandling of a New Jersey pardon application. On or about July 12, 2021, M.M. retained respondent to file a New Jersey pardon application on his behalf. However, between July 2021 and March 2022, respondent failed to diligently attend to M.M.'s matter and failed to adequately communicate with and keep him reasonably informed regarding the status of his matter.
In March 2022, M.M. filed a civil action against respondent in Pennsylvania stemming from his lack of diligence and failure to communicate. Despite being personally served with the civil complaint, respondent did not appear in the action. In July 2022, M.M. obtained a $2,675.25 default judgment against respondent. Respondent received notice of M.M.'s judgment but failed to appeal or satisfy it until he was under disciplinary investigation.
In April 2024, respondent, represented by counsel, and the Pennsylvania Office of Disciplinary Counsel entered into a joint petition in support of discipline on consent in which respondent admitted that he committed professional misconduct and consented to discipline in the form of a public reprimand.[FN1] Specifically, respondent admitted that his conduct violated the Pennsylvania Rules of Professional Conduct (PA RPC), namely: PA RPC rule 1.1 (failure to provide competent representation to a client); PA RPC rule 1.3 (failure to act with reasonable diligence and promptness in representing a client); PA RPC rule 1.4(a)(2) (failure to reasonably consult with the client about the means by which the client's objectives are to be accomplished); PA RPC rule 1.4(a)(3) (failure to keep the client reasonably informed about the status of their matter); PA RPC rule 1.4(a)(4) (failure to promptly comply with reasonable requests for information from the client); PA RPC rule 1.4(c) (failure to inform a new client in writing that the lawyer does not have professional liability insurance of at least [*2]$100,000 per occurrence and $300,000 in the aggregate per year); and PA RPC rule 1.16(d) (failure to take reasonable steps to protect the client's interests upon termination of representation, such as refunding any advanced payment of fee that has not been earned or incurred).
In the joint petition, the parties stipulated that respondent's misconduct was aggravated by, inter alia, the fact that he did not pay the client's default judgment against him until he came under disciplinary investigation and respondent's prior disciplinary history: a 2003 informal admonition for failing to file a brief and lack of communication with his client; a 2005 private reprimand with conditions for failing to file a brief and misrepresentations to the court regarding communications with opposing counsel; a 2014 informal admonition for failing to file a brief and lack of diligence; and a 2016 public reprimand for repeated failure to appear in court and engaging in conduct prejudicial to the administration of justice.[FN2]
As to mitigation, the parties stipulated that respondent: did not completely neglect, ignore, or abandon the matter at issue; did not completely ignore or neglect his client's requests for information; admitted his misconduct and accepted responsibility and expressed remorse for it; took remedial action by satisfying the client's default judgment against him; cooperated with the disciplinary investigation; served in the U.S. army for 24 years; and is an experienced criminal practitioner that has performed pro bono work and made changes to his law practice to prevent a recurrence of the misconduct at issue. Finally, the parties agreed that a public reprimand was the appropriate sanction.
By order dated May 9, 2024, and following a review and approval of the joint petition by a three-member panel, the Disciplinary Board of the Supreme Court of Pennsylvania issued a public reprimand to respondent.
The Attorney Grievance Committee (AGC) now seeks an order, pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, publicly censuring respondent, based upon the discipline imposed by the Disciplinary Board of the Supreme Court of Pennsylvania.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
Although respondent reported his Pennsylvania discipline to the AGC, he has not appeared in this proceeding. Notwithstanding, none of the enumerated defenses could prevail here, as respondent, who was represented by counsel, freely and voluntarily admitted his misconduct to the Disciplinary [*3]Board of the Supreme Court of Pennsylvania. The misconduct findings are fully supported by the record and would constitute misconduct in New York in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.1(a), 1.3(a), 1.4(a)(2), (3), and (4), and 1.16(e).
With respect to the sanction, this Court's general rule is that "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]), and only in rare instances will this Court depart from its general rule (Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]; Matter of Lowell, 14 AD3d 41 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]). Thus, public censure, as requested by the AGC, is the appropriate sanction, as it is commensurate with the discipline imposed in Pennsylvania and is in general accord with precedent involving arguably comparable misconduct (see e.g. Matter of Blickman, 208 AD3d 28 [1st Dept 2022]; Matter of Cook, 168 AD3d 108 [1st Dept 2019]; Matter of Gluck, 153 AD3d 301 [1st Dept 2017]).
Accordingly, the AGC's motion for an order imposing a public censure pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13 and the doctrine of reciprocal discipline should be granted, and respondent hereby publicly censured.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for an order publicly censuring respondent, pursuant to 22 NYCRR 1240.13, Judiciary Law § 90(2), and the doctrine of reciprocal discipline, predicated on similar discipline imposed by the Disciplinary Board of the Supreme Court of Pennsylvania, is granted, and respondent, Carlos Alberto Martir, Jr., is publicly censured.
Entered: April 8, 2025

Footnotes

Footnote 1: Respondent also submitted his own affidavit in which he acknowledged, inter alia, that he freely and voluntarily entered into the joint petition and was not subject to coercion or duress; the material facts set forth in the joint petition were true; and if charges were brought based on the allegations at issue, he could not successfully defend against them.

Footnote 2: Based on respondent's 2016 public reprimand in Pennsylvania, this Court imposed reciprocal discipline in the form of a public censure (Matter of Martir, 180 AD3d 67 [1st Dept 2019]).