Matter of Feldman (2025 NY Slip Op 04296)

Matter of Feldman

2025 NY Slip Op 04296

Decided on July 24, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 24, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Peter H. Moulton
Justice Presiding

Motion No. 2025-03051|Case No. 2025-03277|

[*1]In the Matter of Daniel Darrow Feldman an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Daniel Darrow Feldman (OCA Atty Reg. 3926771), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Daniel Darrow Feldman, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on December 11, 2000.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Gina Patterson, of counsel), for petitioner
Respondent, pro se.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Daniel Darrow Feldman, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on December 11, 2000.
Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Gina Patterson, of counsel), for petitioner
Respondent, pro se.
Motion No. 2025-03051
In the Matter of Daniel Darrow Feldman, an attorney
Per Curiam
Respondent Daniel Darrow Feldman was admitted to the practice of law in the State of New York by the First Judicial Department on December 11, 2000, under the name Daniel Darrow Feldman. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent pursuant to the Rules for Attorney Disciplinary Matters § 1240.7(a)(2). Respondent was also admitted to the State Bar of Maine on October 16, 2015, and maintained a law practice there at all times relevant to these proceedings.
On December 9, 2024, the Grievance Commission of Maine issued an order finding respondent committed misconduct in violation of rules 1.1, 1.3, 1.4, and 8.4(a), (d) of the Maine Rules of Professional Conduct. Accordingly, the Grievance Commission of Maine imposed a six-month period of probation. The misconduct stems from respondent's failure to provide proper representation to his client (W.B.).
In February 2023, respondent was appointed to represent W.B. in two matters in Maine criminal court. The proceeding commenced, and W.B., a non-U.S. citizen, requested permission from the court to virtually attend jury selection as he was overseas visiting family. The court granted W.B.'s request and respondent was tasked with providing W.B. the time and login information to appear virtually. Respondent failed to do so. Accordingly, W.B. failed to appear and the court issued a warrant. Respondent did not inform W.B. of the warrant, and on December 31, 2023, W.B. was arrested. As a result of his arrest, W.B. had to post bail and recover his car, which was towed. The arrest also complicated W.B.'s immigration status. On January 1, 2024, W.B. emailed respondent to ask why he had a warrant for his arrest and respondent did not respond.
On June 20, 2024, the Maine Board of Overseers of the Bar filed a Formal Disciplinary Charges Petition against respondent, and the parties negotiated a proposed stipulation to resolve the matter. On December 9, 2024, the Grievance Commission of Maine issued its Stipulated Report of Findings and Order finding respondent committed the alleged misconduct. As to discipline, the Grievance Commission of Maine reprimanded respondent and placed him on probation for six months.
The Attorney Grievance Committee of the State of New York (the AGC) now seeks an order from this Court pursuant to the doctrine of reciprocal discipline as set forth in Judiciary Law § 90(2) and 22 NYCRR 1240.13, disciplining [*2]respondent to public censure, predicated on the discipline imposed in Maine. As the laws of both states are parallel, the AGC argues censure is warranted because the disciplined misconduct violates rules 1.1, 1.3, and 1.4 of the New York Rules of Professional Conduct (22 NYCRR 1200.0). The AGC maintains that censure is appropriate in consideration of the following mitigating factors: unblemished disciplinary history, cooperation with the investigation, "overwork during the time of the representation," effort to take on court-appointed cases, and "achieving an outcome for [W.B.]'s case that favorably accounted for immigration concerns." Further, AGC argues none of the defenses pursuant to 22 NYCRR 1240.13 are applicable, and case law supports the sanction (see e.g. Matter of Gluck, 153 AD3d 301 [1st Dept 2017]; Matter of Vialet, 120 AD3d 91 [1st Dept 2014]; see also Matter of Dorfman, 304 AD2d 273 [1st Dept 2003]; Matter of Lenoir, 287 AD2d 243 [1st Dept 2001]). Respondent has not submitted a response.
We find public censure is appropriate as it is comparable to the discipline imposed in Maine and follows this Court's precedent (Matter of Gluck, 153 AD3d 301). We decline to impose a six-month period of probation, as 22 NYCRR part 1240 does not provide for such discipline.
Accordingly, the AGC's motion should be granted, and public censure should be imposed.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to 22 NYCRR 1240.13(a) and (b), is granted, and respondent, Daniel Darrow Feldman is publicly censured.
Entered: July 24, 2025