Matter of Dratch (2025 NY Slip Op 05463)

Matter of Dratch

2025 NY Slip Op 05463

Decided on October 07, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Saliann Scarpulla
Justice Presiding

Motion No. 2025-04258|Case No. 2025-04797|

[*1]In the Matter of Brian M. Dratch an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Brian M. Dratch (OCA Atty Reg. 3950946), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Brian M. Dratch, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 5, 2001.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Gina Patterson, of counsel), for petitioner
Respondent, pro se.

Per Curiam 

Respondent Brian M. Dratch was admitted to the practice of law in the State of New York by the First Judicial Department on March 5, 2001. Respondent was also admitted to the practice of law in the State of New Jersey on November 14, 2000.
By December 11, 2024 order, the Supreme Court of New Jersey (NJ Court) issued a public reprimand. Respondent did not report this public reprimand as required by The Rules for Attorney Disciplinary Matters (22 NYCRR) §1240.13(d).
The misconduct which formed the basis for the public reprimand stemmed from respondent's representation of P.B. in a personal injury lawsuit against the State of New Jersey (the State) based on the State's alleged failure to properly treat P.B.'s medical conditions while he was incarcerated. Among other things, respondent failed to: 1) inform P.B. that he had filed a claim against the State; 2) respond to a letter from P.B. requesting an update; 3) seek to withdraw as P.B.'s counsel despite advising P.B. that respondent "was not certain that [P.B.] [has] much of a case any longer"; 4) fulfill the State's request for medical records; 5) depose P.B.'s treating physician at the prison where P.B. was incarcerated; and 6) either follow up with P.B. regarding the State's summary judgment motion or file opposition.
On March 9, 2020, the New Jersey Court of Claims granted the State's summary judgment motion and dismissed P.B.'s claim. Respondent did not contact P.B. until April 15, 2020 — six days after the deadline to appeal had passed — when he sent a letter enclosing the dismissal order. Although respondent informed P.B. that he did not believe there was a basis to appeal the order, he advised P.B. that if he wished to file an appeal he must do so within 30 days of the date of the decision (which had already elapsed). On December 6, 2021, P.B. sent respondent a letter requesting a status update. In response, respondent informed P.B. that his claim was dismissed due to the lack of an expert who could opine that the discontinuation of pain medication deviated from the standard of care. By this date, however, the time to file an appeal had expired approximately 18 months prior. P.B. wrote respondent a letter in reply alleging that he has unaware that his case had been dismissed and requesting a copy of his file. Respondent did not comply with P.B.'s request.
On July 15, 2024, the Supreme Court of New Jersey District Ethics Committee filed a Motion for Discipline by Consent against respondent. Thereafter, on July 24, 2024, respondent signed an Affidavit of Consent in Support of Motion for Discipline by Consent in which he admitted to violating various rules including 1.1(a), 1.3, 1.4(b), 1.16(d).[FN1] On December 3, 2024, the Disciplinary Review Board granted the Motion for Discipline by Consent and imposed a public reprimand, which the NJ Court issued on December 11, 2024.
By motion dated August 4, 2025, the Attorney Grievance Committee (AGC) seeks an order, under 22 NYCRR 1240.13 and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why discipline should not be imposed in New York for the misconduct underlying his discipline in New Jersey, and imposing a public censure, or issuing such discipline as the Court deems just and proper. Respondent has not appeared in this proceeding.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) aninfirmity of proof establishing the misconduct; or (3) that the misconduct for which theattorney was disciplined in the foreign jurisdiction does not constitute misconduct inthis state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
None of the enumerated defenses to reciprocal discipline are applicable here.First, respondent received notice of the allegations against him. Second, respondent appeared in the New Jersey proceeding and signed the consent to discipline wherein he admitted his misconduct based on the stipulated facts. Third, respondent's misconduct in New Jersey also constitutes misconduct in New York in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.1(a) ("[a] lawyer should provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation"); 1.4(a)(2)-(3) (lawyers shall "reasonably consult with the client about the means by which the client's objectives are to be accomplished" and "keep the client reasonably informed about the status of the matter"); 1.4(b) (lawyers "shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation"); and 1.16(e) ("[e]ven when withdrawal is otherwise permitted or required, upon termination of representation, a lawyer shall take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client, including giving reasonable notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, promptly refunding any part of a fee paid in advance that has not been earned and complying with applicable laws and rules").
Regarding the sanction, this Court generally defers to the sanction imposed by the jurisdiction in which the charges were originally brought (see Matter of Milara, 194 AD3d at 111; Matter of Tabacco, 171 AD3d 163, 165 [1st Dept 2019]). Here, public censure is the appropriate discipline as it is commensurate with this Court's precedent (see e.g. Matter of Gluck, 153 AD3d 301 [1st Dept 2017]; Matter of Vialet, 120 AD3d 91 [1st Dept 2014]), balances the seriousness of the misconduct against respondent's unblemished disciplinary record, and reflects respondent's failure to inform the Court or AGC about his New Jersey discipline.
Accordingly, the AGC's motion should be granted, and public censure should be imposed.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to 22 NYCRR 1240.13, is granted, and respondent, Brian M. Dratch, is publicly censured.
Entered: October 7, 2025

Footnotes

Footnote 1: Respondent also stipulated that he failed to cooperate with the New Jersey disciplinary investigation and failed to cooperate with requests for information, in violation of New Jersey Court Rules 1:20-3(g)(3) and 1:20-3(g)(4).